Coös,
Nov. 3, 1925.

MARTIN C. SWEENEY, *by next friend, v.* WILLIAM H. YOUNG & *a.*

All judicial officers, when acting on subjects within their jurisdiction, are exempted from civil prosecution for their acts.

When public officers are performing judicial duties, their liabilities are determined by the rules of law applicable to a judicial officer.

When the duty of a public officer is to pass upon evidence and decide, the performance of the duty is a judicial act.

The members of a school board conducting a hearing for the purpose of passing upon charges of misconduct against a pupil are acting in a judicial capacity, on a subject within their general jurisdiction, and are not liable for damages resulting from the imposition of a penalty not warranted by law.

A public officer acting in a judicial capacity in a matter within his jurisdiction is not liable to a civil suit upon the ground that his decision was inspired by malice.

Wrongful conduct in bringing about a judgment does not create a liability in favor of the party against whom the judgment was rendered, while the judgment remains in force.

CASE, for maliciously dismissing the plaintiff from the Whitefield high school. Three of the defendants constituted the school board

of Whitefield; one was the school superintendent and one the headmaster of the high school. The plaintiff and four other boys were implicated in having intoxicating cider at a school function. The superintendent and headmaster made it a matter of discipline and requested the school board to consider it at a meeting which the boys were invited to attend. Three of the boys acknowledged their part in the affair, expressed regret and promised their conduct would not be repeated. They were placed on probation and allowed to remain in school. The plaintiff and another boy refused to make any statement, and were dismissed for "misconduct." Later the other boy was reinstated on his admission of sharing in the enterprise and with the same promise as the boys placed on probation had given. Further facts appear in the opinion.

On motion, the jury's verdict for the plaintiff was set aside and a verdict for the defendants directed, to which the plaintiff excepted.

Transferred by *Marble*, J.

*Conant & Shields* (of Vermont) and *Ovide J. Coulombe* (*Mr. Conant* orally), for the plaintiff.

*Shurtleff, Oakes & Hinkley* and *Edgar M. Bowker* (*Messrs. Bowker* and *Oakes* orally), for the defendants.

ALLEN, J. The defendant Young, though a member of the school board, had nothing to do with the plaintiff's dismissal, being absent from the meeting at which the subject was considered and action taken. No argument has been made and no reason is suggested for his liability. The directed verdict in his favor must stand.

Regarding the liability of the members of the board who took part and acted, the principle that "All judicial officers, when acting on subjects within their jurisdiction, are exempted from civil prosecution for their acts" (*Evans* v. *Foster*, 1 N. H. 374, 377) has been generally extended in this state to apply to the acts and conduct of all public officers in their exercise of judicial authority. "Whenever public officers are performing judicial duties their liabilities are determined by the rules of law applicable to a judicial officer." *Sargent* v. *Little*, 72 N. H. 555, 556, 557.

" . . . from the earliest ages of the common law it has always been held that no judge is answerable in a civil action, on account of any judgment rendered by him as a judge. To this rule there is but one exception. If the judge has assumed to act as such in a case

where he has no jurisdiction, his character of judge furnishes him no protection.

"The jurisdiction of courts and judges, and others exercising judicial powers, may be very general or very limited; limited as to place, as to person, as to subject matters, and as to course of proceedings; . . ." Burnham v. Stevens, 33 N. H. 247, 253.

"No action, civil or criminal, can be maintained against a judicial officer for any mistake he may make in the performance of his official duties, provided he has jurisdiction of the parties and of the subject matter. He has jurisdiction of the parties when they voluntarily appear in a proceeding pending before him, as well as when they are served with process within his jurisdiction. He has jurisdiction of the subject matter in any action pending before him if he has power to act on the general question to which the proceeding relates." Sargent v. Little, supra, 556, 557.

"If the plaintiff had not been reinstated . . ., and he had applied by mandamus . . . to be restored to membership in the lodge, the right of the court to grant the relief would not involve the question here presented. He might succeed in such a proceeding and still have no right of action against the officers of the lodge for damages. His failure in this respect would be due to the rule of public policy which protects judicial officers and those exercising judicial functions, having jurisdiction, from liability in actions of tort for wrongs committed by them when acting in that capacity." Moon v. Flack, 74 N. H. 140, 143.

The rule that a judgment is binding only on those who are parties to it, so as to disentitle others to use it for their benefit or to the disadvantage of one who is a party to it (Lord v. Locke, 62 N. H. 566), is inapplicable in the consideration of liability for judicial acts; and exemption from liability for them is unaffected by any subsequent reversal or correction of the judgment. The duty is public in character and the parties affected ordinarily have no personal rights against the members composing the judicial body.

Whatever may be the precise line of distinction between judicial and ministerial acts, when the duty of public officers is to "pass upon evidence and decide," the performance of the duty is clearly a judicial act.

"It has been repeatedly decided in this state that when an officer or a board is called upon to pass upon evidence and decide, their conclusion cannot be collaterally attacked, and that they are not liable to answer in a suit for their action. The reason given in the

cases is that such action is judicial." *State* v. *Corron,* 73 N. H. 434, 455.

Under this test the dismissal of the plaintiff was a judicial act. A hearing on the subject, which the plaintiff on invitation attended, resulted in the decision to dismiss, and the judgment of the board is to be treated as having the same attributes and incidents as the judgment of a court.

The statute (Laws 1921, *c.* 85, *part* III, *s.* 10) gave the school board authority to dismiss only for "gross misconduct" and violation of reasonable rules. It may be conceded that as the school board's record shows a finding of misconduct without its being so bad as to be gross, the dismissal was not justified. Suggestion has been made that the provision in the statute that a dismissed pupil "shall not attend the school until restored by the school board" operates to prevent corrective proceedings in the courts in the case of an illegal dismissal. If this were so, then the board would be a tribunal of last resort, and any judgment of dismissal, being final, would necessarily be valid. But the legislation was evidently intended to provide for restoration only by the school board in cases of legal dismissal; if the dismissal were set aside, it would become a void act, and the pupil's right to attend school would follow, not because of restoration by the courts, but because the order of dismissal would be vacated.

But although there was error in connection with the order of dismissal, the order was a judgment legally binding on the plaintiff until reversed or corrected, if the board had jurisdiction to make it. Immunity from liability for judicial acts rests upon a broad ground of public policy. As already stated, liability does not arise upon a reversal or correction of an erroneous judgment. It follows that, except for the question of jurisdiction, the error in the judgment is to be disregarded, and the dismissal to be treated as though for gross misconduct. The rule against the collateral attack of judgments, although here applicable, does not need to be invoked, as in cases of malicious prosecution, where action may be brought after, but not before, the proceeding complained of is terminated in the plaintiff's favor.

In respect to jurisdiction, protection for judicial acts is withdrawn when they are outside the tribunal's jurisdiction. "If, in such case, the proceedings are irregular or erroneous, the judgment is voidable, and not void, and stands good until revised or annulled in a proper proceeding instituted for that purpose; but when it appears

that the magistrate had no jurisdiction, the proceedings are void."
*State* v. *Shattuck*, 45 N. H. 205, 211. "In cases upon this subject,
courts do not undertake to revise the doings of the tribunal whose
acts are brought in question collaterally, but only to examine them
so far as to ascertain whether the tribunal was acting within its
jurisdiction . . . if the tribunal had jurisdiction, its judgment is
conclusive and cannot be examined or reversed collaterally, but
must stand until reversed by some proceeding instituted for that
purpose." *Robertson* v. *Hale*, 68 N. H. 538, 540.

When the officer makes an erroneous preliminary decision that
he has jurisdiction and then acts in pursuance of the error, liability
depends upon his right to pass upon the jurisdictional question. If
he goes outside his general authority, he is not protected for the
consequences of his action. If within his general authority his
erroneous exercise of it is due to special reasons of jurisdictional in-
validity, he is protected. In the one case he is not called upon to
act, in the other he is. When jurisdiction is special, acts outside
of it are not protected. When it is general, all acts within it are
protected. Both a justice of the peace and a superior court judge
would be liable for granting general guardianship over a ward, but
the latter would not be, while the former would, for deciding an
appeal from the probate court's appointment, although the decision
might be invalid for special reasons, such as defective service.

The school board had general jurisdiction to dismiss. The general
right and authority of dismissal was vested in them, and their ex-
ercise of it was not an unwarranted act of assumed power, but
merely an erroneous exercise of actual power, for which liability
does not attach. The dismissal was a decision of a case between the
plaintiff and the school district, which the board was the duly con-
stituted tribunal to determine. The judgment was not a nullity.
Until vacated, it remains valid and in full force and effect, and if
vacated, it would not be for the board's being without right to act,
but for their acting with right in a wrongful manner.

The public interest that public officers shall be "free and fear-
less" in the exercise of their judicial duties makes it of immaterial
bearing on their liability for their judicial acts whether or not they
act from good motives. Their obligation to do justice being owed
to the state rather than to the parties coming before them, malice
gives the parties no more right to sue them than an honest error
subjecting the act to reversal. Judicial acts do not lose their char-
acter as such because malice induces them, and it is not of conse-

quence whether the act is free from error or irregularity except for the malice or whether there is involved some error or irregularity in addition to the malice, and if so, whether or not the malice accounts for it.   The judgment being rendered by an authorized tribunal, the tribunal incurred no civil liability in rendering it.   The plaintiff's suit is for a wrongful dismissal,-but its wrongful character not being here a subject of inquiry except as to jurisdiction, the presumption of its rightfulness is controlling and conclusive.   If between the parties a judgment prompted or inspired by malice may be set aside by direct proceedings to that end, yet, until such proceedings are brought, it stands as valid and binding between the parties; reversal would alter their relation, but would create no personal rights against the members of the tribunal rendering the judgment, because the law recognizes no personal relations between the tribunal and parties subject to and brought before its jurisdiction.

Malice of itself as a state of mind is not a wrong for which the law gives redress..  It is only for words or acts inspired or prompted by malice that malice becomes within the reach of judicial cognizance. Since the plaintiff's dismissal is to be here treated as violating none of his rights, it follows that the manner or means by which the dismissal was brought and the reasons for it were not injurious.   They cannot be treated separately and as distinct from the result.   Maliciously doing a rightful act which is not made a legal wrong by the malice is not actionable.   *Friel* v. *Plumer*, 69 N. H. 498, 499.

The public interest that the judicial acts of public officers shall not give rise to personal liability is in accordance and harmony with practical justice.   In addition to the importance of judicial independence, the inquiry into malice usually if not always invites consideration of what is done in pursuance of it and as its result.   Whether the judicial act is reasonable or not bears on the probabilities of malice, and it therefore becomes a subject of collateral consideration in passing on the issue of malice.   Tribunals other than those intended by legislation would thus be called upon to pass on questions for which their qualifications are ordinarily doubtful.

"  . . . to hold a justice of the peace answerable in a civil action for an error or mistake in the exercise of his judgment, would be utterly inconsistent with the long established policy of the law, and totally subversive of the independence of that class of judicial officers.   In these domestic tribunals, the public have a deep interest; and it is very obvious that without this protection, their

independence and usefulness could not long be preserved." *Jordan* v. *Hanson,* 49 N. H. 199, 203.

In *Watson* v. *Cambridge,* 157 Mass. 561, 563, the court says: "Whether certain acts of disorder so seriously interfere with the school that one who persists in them, either voluntarily or by reason of imbecility, should not be permitted to continue in the school, is a question which the statute makes it their [the school board's] duty to answer, and if they answer honestly in an effort to do their duty, a jury composed of men of no special fitness to decide educational questions should not be permitted to say that their answer is wrong." That a jury is better fitted to pass upon an educational question when the honesty and good faith of the committee is made an issue is hardly to be maintained. Entire independence of school boards in their judicial action is as desirable and important in the public interest as the independence of judges of courts.

Cases are to be found implying and holding liability for malicious exercise of judicial authority. In *McDaniel* v. *Tebbetts,* 60 N. H. 497, tax assessors were held not liable for "errors of judgment, unintentional mistakes, irregularities, or illegalities in the assessment," and in *Fawcett* v. *Dole,* 67 N. H. 168, this statement of exemption was adopted. But in neither case was malice alleged, and in *Edes* v. *Boardman,* 58 N. H. 580, the decision was expressly silent on the liability of assessors acting in bad faith. In *Waldron* v. *Berry,* 51 N. H. 136, a highway surveyor was held not liable for official acts performed in good faith and according to his best judgment, under a theory which has not been followed, that the terms of his oath of office were the test of his liability to individuals. In *Hanlon* v. *Partridge,* 69 N. H. 88, supervisors of elections were held liable for maliciously depriving a person of his right to vote, but not for errors of judgment, and, by way of dictum, the rule was stated to apply to such officers as assessors and county commissioners but not to judges. As a departure from principle, the special expediency of the exception in that case may justify it. There is ordinarily no opportunity to right the wrong in such cases by legal proceedings in season for the injured person to vote, and he therefore has no other practical redress. In more recent cases the principle of exemption from liability has been stated unqualifiedly. *Sargent* v. *Little, supra; State* v. *Corron, supra; Moon* v. *Flack, supra.* So far as cases relating to particular officers are exceptions to the general rule, it is not intended to overrule them, and no opinion is expressed about them.

The law's hostility towards malicious conduct is not to be over-

looked or disregarded, but in the conflict of competing principles, the practical public interest reënforced by judicial consistency here clearly prevails.

The members of the board who acted are accordingly not liable.

The liability of the headmaster and superintendent remains to be considered. It is held that conduct in bringing about a judgment is not actionable while the judgment is in force. This is not only the rule in cases of malicious prosecution (*Woodman* v. *Prescott*, 66 N. H. 375), but also in other cases where the conduct is inherently wrongful. *Curtis* v. *Fairbanks*, 16 N. H. 543; *Lyford* v. *Demerritt*, 32 N. H. 234; *Hillsborough* v. *Nichols*, 46 N. H. 379; *Stevens* v. *Rowe*, 59 N. H. 578. The result is that these two defendants are exonerated.

Whether the decision of these defendants to present the charge against the boys to the school board and prosecute it was a judicial act within their respective official duties does not need to be considered, and no opinion is expressed on their liability if the dismissal were set aside or corrected.

The result makes it unnecessary to consider the sufficiency of the evidence to show malice.

*Exceptions overruled.*

MARBLE, J., did not sit: the others concurred.

---

### MEMORANDUM

MR. JUSTICE PLUMMER died at Laconia, New Hampshire, on the twenty-ninth day of November, 1925.