JUAN ALEMAÑY SOSA, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 338. Argued January 15, 1945.—Decided April 27, 1945.

*Virgilio Brunet* for petitioner. *Angel de Jesús Matos, Joaquín Correa Suárez,* and *A. Sandín del Manzano,* for respondent Manager of the State Insurance Fund.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The Manager of the State Insurance Fund levied on employer Juan Alemañy Sosa a preliminary premium for the year 1942–43, which consisted in an amount equivalent to his final pay roll of 1941–42, plus a penalty of 25 per cent of the amount thereof. The employer appealed to the Industrial Commission alleging that the manager had no authority to levy the penalty, and that its imposition deprived him of his property without due process of law, not only because the manager lacked authority to levy the same, but because the employer had not been given an opportunity to be heard in connection therewith.

The manager relies for his authority on Rule VI of Administrative Bulletin No. 800 which is a regulation promulgated by him and approved by the Governor.

The commission decided that the manager had authority to levy penalties or surcharges on insured employers; that said authority was derived from § 24 of the Workmen's Compensation Act (Act No. 45 of April 18, 1935, Sess. Laws, p. 250), and not from §§ 23 and 30 of the Act as alleged by

the manager; that although in its opinion the Administrative Bulletin was void because it was in conflict with § 24 of the Act, nevertheless, since the commission was not a court, it lacked jurisdiction to declare it null and consequently it refrained from so holding. The commission further held that the employer was entitled to be heard by the manager, before levying the penalty, and that he was not heard in this case, but in spite of this the commission did not reverse the decision of the manager but simply dismissed the appeal. The employer moved for a reconsideration which was denied.

The Workmen's Accident Compensation Act expressly authorizes the manager to issue reasonable and proper rules to regulate the administration of the Fund, which rules upon being approved by the Governor and duly promulgated by the Executive Secretary shall have the force of law. Section 6. Section 23 of the Act authorizes him to use for the grading of premium rates *of each risk,* such system as, in his judgment, has been the best calculated to fix the same, based on the experience derived from the accidents that occurred and appeared in the files of each employer individually, and to encourage and stimulate the prevention of accidents, for all of which he shall prescribe fixed and equitable rules. The main object of § 30 is to authorize the manager to make an equitable distribution of the losses among occupations and industries, and to grant bonuses to each employer according to his risks, based on the experience of the employer individually. Lastly § 24, as amended by Act No. 162 of May 14 of 1943 (Laws of 1943, p. 524), authorizes him to prescribe such rules as he may deem proper in order to collect from each individual employer in the same industry, in addition to the percentage of premium which in his judgment may be fairest, an additional surcharge on said premiums "when, on account of failure to use industrial safety appliances, on account of poor administration, or on account of reasons

which cannot be satisfactorily explained to the manager, there occurs in the factory, establishment, or working place of said employer a series of accidents disproportionate in number and importance to those occurring in establishments, factories, or working places similar to those of other employers engaged in the same industry or business."

The analysis which we have made of these Sections bring us to the conclusion that it is from § 24, and not from the others, that arises the authority of the manager to prescribe rules levying penalties on employers covered by the provisions of said Section. Let us now examine the Section of the Administrative Bulletin relative to penalties in order to determine whether the manager followed the standards established by § 24 of the Act when approving Rule VI of the Bulletin. The rule as it appears from the decision of the commission reads as follows:

"In the event the frequency and magnitude of the accidents suffered by the workmen or employees of a given employer are such that the total incurred losses exceed the incurred loss allowance as computed through the application of the Basic Allowance Table, such insured employer's rate or rates shall be increased over and above the manual rate or rates by a percentage equal to 25 per cent of the ratio which the difference between the total incurred losses and the incurred loss allowance bears to the incurred loss allowance, provided, however, that in no instance shall the insured employer's rate or rates be increased more than 25 per cent of the manual rate or rates for any given regular twelve-month period."

A reading of the rule discloses that when the manager issued it he did not follow the standards established by § 24 of the Act. According to Rule VI the basis taken for imposing the penalty is the frequency and magnitude of the accidents suffered by the workman in the industry or working place of the employer and the costs incurred in excess to the amount fixed for losses; while according to § 24 of the Act he may impose penalties only when (*a*) on account of failure to use industrial safety appliances, (*b*) on account

of poor administration, or (c) for other causes which cannot be satisfactorily explained to the manager, there occurs a series of accidents out of proportion in number and importance to those occurring in working places similar to those of other employers engaged in the same industry or business.

Since Rule VI of Administrative Bulletin No. 800 does not follow the standards laid down by § 24 of the Act, we are bound to conclude that the manager exceeded his powers when he promulgated such rule, and it being in conflict with the Act, it is therefore void. *People* v. *Bou, ante,* p. 445, decided on January 25, 1945; Eugene J. Keefe, Administrative Rule-Making and the Courts, 8 Fordham L. Rev. 303. Cf. *Luce & Co.* v. *Minimum Wage Board,* 62 P.R.R. 431 (1943); *People* v. *Martínez,* 62 P.R.R. 706 (1944).

It seems fit to add that any rule promulgated by the manager by virtue of § 24 of the Act should provide as a condition precedent to the imposition of a penalty that the employer shall have a reasonable opportunity to explain the cause of the increase in the number of accidents occurred in the industry or working place.

The Industrial Commission is a quasi judicial board and in the present case it acted judicially, inasmuch as it had to hear evidence in order to decide the case. Administrative Rule-Making and the Courts, *supra,* p. 305; *Sweeney* v. *Young,* 131 A. 155, 42 A.L.R. 757 (1925). In order to decide the case it had to construe the law and upon finding that two provisions were in conflict, that is, § 24 of the Act and Rule VI of the Administrative Bulletin, it had to determine which was the applicable rule. A regulation which is in conflict with the law can not stand and therefore the commission had the right and the duty to lay aside the regulation and apply § 24 of the Act.

The manager invokes the case of *Marmon Motor Car Co.* v. *Sparks,* 161 N.E. 647 (Ind., 1928), in order to maintain

that the commission lacked authority to declare Rule VI of the Bulletin void, and that this court had no jurisdiction to review the decision of the commission to annul said rule. The case relied on by the manager is inapposite. The holding of that case rests on a statute of the State of Indiana which expressly denied said power to the Industrial Board and to the Court of Appeals of Indiana—which has jurisdiction to review the decisions of the industrial board—and confers on the State Supreme Court exclusive jurisdiction to pass on the constitutionality of statutes.

For the foregoing reasons the decisions of the Industrial Commission shall be reversed and the case remanded to said commission in order that it should render another decision consistent with the terms of this opinion.