193 P.2d 461

WILSON et al. v. HIRST et al.

No. 4963.

Supreme Court of Arizona.

May 17, 1948.

ing damages was brought against the five members composing the State Hospital Board who are sued both in their official and individual capacities. The defendants (appellees) will be hereafter referred to as the Board.

The gist of the second amended complaint is that plaintiffs were wrongfully discharged on October 14, 1944, from their employment by the Board without just cause or reason, and that such action was taken by the Board *contriving wickedly, maliciously* and wrongfully to injure them in destroying their good name, credit, and reputation, for which they seek actual damages for loss of wages as well as punitive damages in the sum of $1,000 each and costs of suit.

Fred O. Wilson and Harold J. Janson, both of Phoenix, for appellants.

John L. Sullivan, Atty. Gen., and William P. Mahoney, Asst. Atty. Gen., for appellees.

UDALL, Justice.

This is an appeal from a judgment entered November 21, 1946, denying a recovery to plaintiffs, which judgment was based upon an order sustaining the defendants' motion to dismiss, without leave to amend, plaintiffs' second amended complaint. The plaintiffs (appellants) are eleven women who, prior to October 14, 1944, were employed at the Arizona State Hospital near Phoenix by the State of Arizona. This tort action on the case seeking damages was brought against the five members composing the State Hospital Board who are sued both in their official and individual capacities.

The sole assignment of error presented by this appeal is that the order entered by the lower court dismissing the second amended complaint and the judgment based thereon were not justified by the ultimate facts pleaded and are contrary to law.

The basis for the motion to dismiss, as well as the point relied upon here by the Board to sustain the judgment of the lower court, is that from the allegations of the amended complaint it sufficiently appears that the Board was strictly within its jurisdiction and acting in a quasi-judicial capacity in reviewing and determining the cause of the dismissal of defendants by the superintendent of the hospital; and that hence it was clothed with immunity from civil liability for any action taken by it in

its official capacity, irrespective of any allegation of ulterior motive charged against it in the complaint.

The law governing the operation of the State Hospital for the Insane is found under chapter 8, article 2, A.C.A.1939, and more particularly the rights of plaintiffs as employees appear in section 8-214 (Pocket Supplement, Laws 1941, chapter 44, section 11, page 93), which reads in part:

"(a) Except as otherwise provided in this act, the superintendent shall employ all employes of the state hospital, subject to the approval of the board. * * *

"(b) The superintendent may discharge an employee for cause. An employee so discharged may, upon request, have the cause of his discharge reviewed and determined by the board. The superintendent shall file a written report with the board of each discharge, setting forth the reasons therefor."

It is a general rule of universal application, dating back to the earliest days of the common law, that judges of courts of general jurisdiction are not liable to civil actions for their judicial acts; i. e., the privilege of a judge while engaged in the performance of his judicial function is absolute. 2 Cooley on Torts, 4th Ed., section 312, page 420; Restatement, Torts, section 585; Bradley v. Fisher, 13 Wall., U.S., 335, 20 L.Ed. 646. Similar immunity from civil suit has been extended to judges of courts not of record or of limited juris-

diction, such as justices of the peace. 51 C.J.S., Justices of the Peace, § 19; Davis v. Burris, 51 Ariz. 220, 75 P.2d 689; 48 C.J.S., Judges, § 63b. Nor is this rule of judicial immunity restricted in its protection to the judges proper, but extends also to any other official who performs a judicial function while acting in a quasi-judicial capacity. Restatement, Torts, section 585; 2 Cooley on Torts, 4th Ed., section 313, page 428; Wright v. White, 166 Or. 136, 110 P.2d 948, 955, 135 A.L.R. 1; 46 C.J., page 1043; Sweeney v. Young, 82 N.H. 159, 131 A. 155, 42 A.L.R. 757; Waugh v. Dibbens, 61 Okl. 221, 160 P. 589, L.R.A.1917B, 360; White v. Brinkman, 23 Cal.App.2d 307, 73 P.2d 254; Smith v. Parman, 101 Kan. 115, 165 P. 663, L.R.A.1917F, 698; Kittler v. Kelsch, 56 N.D. 227, 216 N.W. 898, 56 A.L.R. 1217; Yaselli v. Goff, 2 Cir., 12 F. 2d 396, 56 A.L.R. 1239; Logan City v. Allen, 86 Utah 375, 44 P.2d 1085.

The reason for this rule rests on the highest considerations of public policy. Judge Cooley, in his monumental work on torts, expresses it in these words:

"* * * In effect, the state says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely, and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that if he shall fail in the faithful discharge of them he shall be called to account as a

criminal; but that in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages. This is what the state, speaking by the mouth of the common law, says to the judicial officer." 2 Cooley on Torts, 4th Ed., section 312, page 426. See also statements of similar import from this court appearing in the case of Davis v. Burris, supra.

With these principles of law to guide us we are brought then to the inquiry whether the second amended complaint, stripped of its nonessentials, was amenable to the motion to dismiss of the public officials. For aught that appears in the complaint the Board was strictly following the procedure prescribed by statute when the action herein complained of was taken, which resulted in separating plaintiffs from the state payroll. Certainly if the Board lacked *jurisdiction* to conduct this review, which lack of jurisdiction would thereby deprive it of the rule of immunity, plaintiffs were obligated to allege facts in their complaint showing such want of jurisdiction. Wright v. White, supra. This burden they have not carried. The trial court, therefore, in passing upon the motion to dismiss was entitled to assume that the Board acted in line of its duty and within the scope of its authority, and that the hearing was regularly and properly conducted.

Plaintiffs cite but two reported cases in support of their contention that the Board in the instant case is amenable to suit. The first is Stiles v. Morse, 233 Mass. 174, 123 N.E. 615, 616, 4 A.L.R. 1365, where the Municipal Council of Lowell were sued for wrongfully removing the City Treasurer. A recovery against them was sustained because they had not acted in accordance with the law governing removals. We quote the following controlling paragraphs from this opinion, viz.:

"It is plain that the defendants never acquired a jurisdiction to exercise their quasi judicial functions respecting the removal from office of the plaintiff, because they never notified him and never gave him a copy of the charges against him and he did not voluntarily submit himself to their action, but has resisted and asserted the invalidity of their procedure at every point. The full performance of all conditions established by the statute are essential prerequisites to the jurisdiction of the municipal council over the subject-matter of the removal of an officer. * * *

"The municipal council was clothed with the power of removal of city officers so long as there was conformity to the requirements of the law. When the members ceased to comply with the law they were acting outside their official capacity and were subjected to responsibility as individuals."

The other case, Burch v. Hardwicke, 30 Grat., Va., 24, 32 Am.R. 640, involved the

civil liability of the mayor of the City of Lynchburg for removing its chief of police. There it was determined that defendant had *exceeded his jurisdiction* in removing the plaintiff and he was therefore held liable in damages.

Clearly these cases are distinguishable from the instant case for these cases show that the officers, who ostensibly were acting in a quasi-judicial capacity, had either acted in excess of their authority or were acting where there was a total want of jurisdiction in effecting the removal, thereby subjecting themselves to civil liability. As heretofore pointed out the Board in this case was acting strictly *within its jurisdiction* and therefore under the authorities cited it was clothed with immunity from civil liability unless the allegation that its action was taken maliciously leaves the complaint stating a good cause of action.

There is a division of authority in applying this rule of immunity from civil liability where it is charged in the complaint that the act of the quasi-judicial officer is done maliciously or corruptly. ·

"According to some authorities, judges of courts of special or limited powers and officers acting in quasi-judicial and discretionary capacities may be held civilly liable in damages where they act from malicious or corrupt motives. * * *" 43 Am.Jur., Public Officers, section 276.

See also 48 C.J.S., Judges, § 63b. However, the better rule, which is supported by the great weight of authority, is that where the inferior tribunal or quasi-judicial officer acts *within his jurisdiction* he is not civilly liable, even though he acts corruptly or maliciously, since his motives are immaterial. 51 C.J.S., Justices of the Peace, § 19; 27 C.J.S., District & Prosecuting Attorneys, § 16; Sweeney v. Young, supra, Waugh v. Dibbens, supra; White v. Brinkman, supra; Smith v. Parman, supra; Kittler v. Kelsch, supra.

We believe that this court is definitely committed to the majority rule for in Davis v. Burris, supra [54 Ariz. 220, 75 P.2d 690], the late Justice Ross, in speaking for a unanimous court, pointed out that even though

" * * * The complaint alleges defendant *acted willfully, wrongfully, wickedly, and unlawfully,* in refusing to allow the appeal and to release plaintiff from prison. * * *" (Emphasis supplied.)

"The motives that may have actuated defendant in refusing to allow the appeal are not material. * * *"
and the holding was .

"We think the demurrer to the complaint should have been sustained, * * * for the reason that no cause of action was stated in the complaint * * *."

We have no hesitancy in extending this rule, there applied to a justice of the peace

202

(the judge of a court not of record), to public officials who are required to sit in a quasi-judicial capacity, providing always that they act strictly within the jurisdiction conferred upon them by law. The precise line of distinction between judicial and ministerial acts is difficult to draw and cannot be easily stated. See Restatement, Torts, section 585 and Sweeney v. Young, supra. But .certainly where, as here, the Board was required *to review and determine the cause of discharge,* the performance of such a duty is clearly a judicial function.

Paraphrasing a statement appearing in Pearson v. Reed, 6 Cal.App.2d 277, 44 P. 2d 592, 597, we can also say that we are well aware of the fact that in thus shielding public officers, who act strictly within their jurisdiction in a quasi-judicial capacity, against actions of this sort the rule may work hardship and injustice in individual cases. But there is no middle ground to be occupied in the matter; either all of such suits are to be tolerated or none. The court may occasionally be confronted with the not-unusual situation that calls for subordination of the rights of the few to the interests of the whole body of the public. The docrine of immunity is not for the benefit of the few who might otherwise be compelled to respond in damages. It is for the benefit of all to whom it applies, that they may be free to act in the exercise of honest judgment, uninfluenced by fear of consequences personal to themselves. This

again is not for their personal advantage or benefit. It is only that they may be enabled to render a better public service.

Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concurring.