387 P.2d 234

Eleanor W. SPECTOR, Petitioner,

v.

The Honorable Yale McFATE, Judge, Superior Court of Maricopa County, Respondent,

and

Albert B. Spector, Real Party in Interest.

No. 8085.

Supreme Court of Arizona.

En Banc.

Dec. 6, 1963.

Moore, Romley, Kaplan, Robbins & Green, Phoenix, for petitioner.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for Albert B. Spector.

STRUCKMEYER, Justice.

On September 27, 1963, Eleanor W. Spector filed a petition for Writ of Mandamus directed to the Superior Court of Maricopa County and the Honorable Yale McFate, Judge thereof, to compel compliance with our mandate in Spector v. Spector, 94 Arizona 175, 382 P.2d 659.

We issued the alternative writ on these facts: The decision in Spector v. Spector was the final determination of an action in which petitioner herein appealed and Albert B. Spector cross-appealed from a judgment of divorce. One of the principal issues presented was whether the court below divided the community property according to law. We said:

"* * * this court holds that there shall be an additional payment of $27,-884.50 at 6% interest from the date of the original decree made by the husband to the wife on or before six years from date of judgment in the lower court."

We also said:

"We therefore direct the trial court to impose a lien on all the property of the husband as firm security for payments ordered by the trial court. As these payments are made the husband may apply to the trial court to release property as the trial court, in the exercise of its judgment deems proper."

These were the only modifications ordered. *In all other respects* the judgment of the lower court was affirmed and that affirmation became conclusive and binding upon the superior court and the judge thereof. Pacific Greyhound Lines v. Brooks, 70 Ariz. 339, 220 P.2d 477.

Petitioner thereafter filed in the lower court a proposed judgment which strictly conformed to our decision as to the modifications ordered. Notwithstanding, the court below entered a judgment which in several of its aspects departed from and altered those portions of the judgment we had approved by affirmation. The superior court was absolutely without jurisdiction to render a judgment differing in one jot or tittle from that which this Court directed it to render. State v. Griffith, 54 Ariz. 436, 96 P.2d 752.

The judgment of September 18, 1963, is vacated and the court below is directed to enter judgment in accordance with and in the language of petitioner's proposed judgment.

Writ made permanent.

UDALL, V. C. J., LOCKWOOD, J., and W. C. TRUMAN and JOHN F. MOLLOY. Superior Court Judges, concur.