423 P.2d 375

The INDUSTRIAL COMMISSION of Arizona, David M. Schreiber and C. E. Singer, Jr., Petitioners,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA, and the Honorable William C. Frey, Judge thereof, and George Santen and Edith E. Santen, husband and wife, real parties in interest, Respondents.

No. 2 CA–CIV 343.

Court of Appeals of Arizona.

Feb. 3, 1967.

Rehearing Denied Feb. 27, 1967.

Review Denied March 21, 1967.

Shimmel, Hill, Kleindienst & Bishop, by Merton E. Marks, Phoenix, for petitioners.

William E. Messing, Tucson, for respondents, Santen.

MOLLOY, Judge.

The petitioners have heretofore filed in this court two petitions for extraordinary relief: (a) a petition for a writ of certiorari, seeking review of the superior court's refusal to grant their motion for a change of venue and (b) a petition for a writ of prohibition to prevent the superior court from further proceedings in the action presently pending.

■ The respondents have urged, among other things, as grounds for denial of extraordinary relief, the fact that both petitions were not filed within a reasonable time, since eleven months intervened between the trial court's rulings herein involved and the filing of the subject petitions. Our statutes and rules do not limit the time within which extraordinary writs may be sought. The doctrine of laches may be applied in a proper case as a bar, but the mere expiration of time is not the controlling factor. The applicability of the doctrine would require an intervening change of position of the respondents induced by the inaction of the petitioner. See Felix v. Superior Court of County of Pima, 92 Ariz. 247, 250, 375 P.2d 730 (1962).

It was the opinion of this court that the eleven months delay in seeking review of

the venue ruling by certiorari was prejudicial to the respondent real parties in interest and certiorari was denied. As to the writ of prohibition, we did not believe the doctrine of laches was applicable and accordingly issued an alternative writ of prohibition.

The sole question to be resolved in this original proceeding is the superior court's jurisdiction to proceed to trial as to the Industrial Commission of Arizona, David M. Schreiber, and C. E. Singer, Jr., in Pima County Superior Court action No. 89882, captioned:

"GEORGE SANTEN and EDITH E. SANTEN, Husband and Wife,

Plaintiffs,

vs.

STATE OF ARIZONA, INDUSTRIAL COMMISSION OF ARIZONA, DAVID M. SCHREIBER and C. E. SINGER, JR.,

Defendants."

This lawsuit was instituted by the filing of a pleading entitled "Complaint for Damages" by the plaintiffs. The complaint alleges that the plaintiff was injured in the course of his employment and made claims for compensation to the Industrial Commission. After certain proceedings which did not include a hearing on the merits, the claim was denied for "lack of jurisdiction" in the Industrial Commission to change a previous order denying compensation for the reason the plaintiff did not file a timely motion for rehearing. Thereafter on May 4, 1964, the plaintiffs petitioned the Supreme Court of Arizona for a writ of certiorari, the Industrial Commission moved to quash the petition which motion was denied, and upon stipulation of the parties the Supreme Court entered the following order:

"The Court having read the Stipulation to Remand filed in the referenced action and being fully advised in the premises,

"IT IS HEREBY ORDERED that this action be, and the same is hereby, re-manded to the respondent Industrial Commission of Arizona to be set for a hearing on the merits.

"Dated this 28th day of July, 1964."

The complaint goes on to recite that a hearing date was set and then canceled, that all further hearings were canceled until further notice and when plaintiff insisted upon an immediate hearing in January, 1965, the plaintiff " * * * was notified by defendant C. E. Singer that there was a question once again as to jurisdiction." Finally, according to the complaint, a hearing was held February 23, 1965, at which time evidence of Santen's permanent disability was adduced. The complaint further alleges:

"That despite the allegations hereinabove referred to and in direct defiance of the order of the Supreme Court of this State of Arizona, the defendant, David M. Schreiber, speaking for the Industrial Commission issued a report * * * in which in essence the Industrial Commission once again took up the cry of 'no jurisdiction.'[1]

"That despite the law and the Supreme Court the Industrial Commission has sought to avoid compensation to the plaintiff; that the defendant's behavior is wanton, malicious and oppressive.

"That due to the malfeasance and misfeasance of the defendants, hereinabove set forth, the plaintiff has been unable to secure employment and as a result of the malicious conduct of the defendants and each of them, the family of the plaintiff have been sorely in need and want of funds for daily living."

The prayer for damages, in addition to asking for fair and just damages, requested:

" * * * the sum of $100,000.00 punitive and exemplary damages as will actually punish these defendants and set them forth as an example to the State and Nation and show the people that the laws

---

1. Defendants' motion to strike directed to this allegation was granted to the extent that the words "took up the cry of" were deleted and the word "alleged" substituted therefor.

relating to Workmen's Compensation were made to protect the public from injuries due to Industrial Accidents; that the Industrial Commission was not set up to gather in funds and withhold the same from injured employees."

The jurisdictional allegation recited:

" * * * that the Industrial Commission of Arizona is an administrative body politic of the State of Arizona; that the defendants David M. Schreiber and C. E. Singer, Jr., are employees of the Industrial Commission of Arizona."

The petitioners, in lieu of answering the complaint, responded by individual motions to dismiss on certain enumerated grounds, including (1) lack of jurisdiction over the subject matter and (2) failure of the complaint to state a claim upon which relief could be granted.

Both attacks are predicated upon the assertion that the authority to make an award in workmen's compensation cases is vested in the Industrial Commission, subject to appellate review by certiorari proceedings, that in the matters alleged in the complaint the defendants were acting in a judicial capacity, and are therefore cloaked with an immunity from civil action.

■ Before considering the propriety of the extraordinary relief sought by the petitioners, we shall address ourselves to consideration of the sufficiency of the complaint. It is well settled that a motion to dismiss a complaint for failure to state a claim upon which relief can be granted admits the truth of the facts therein alleged, for purposes of the motion. Blecick v. School District No. 18 of Cochise County, 2 Ariz.App. 115, 406 P.2d 750 (1965). In reviewing a ruling on such motion, an appellate court likewise must accept the well-pleaded facts of the complaint as true. Davis v. State, 1 Ariz.App. 264, 401 P.2d 749 (1965).

■ Affirmative defenses may be raised and determined on a motion to dismiss where the facts constituting the defense appear on the face of the complaint. Ross v.

Ross, 96 Ariz. 249, 393 P.2d 933 (1964); Ginsburg v. Black, 192 F.2d 823 (7th Cir. 1951), cert. denied 343 U.S. 934, 72 S.Ct. 770, 96 L.Ed. 1342, rehearing denied 343 U.S. 958, 72 S.Ct. 1050, 96 L.Ed. 1358 (1952).

Applying the foregoing principles governing Rule 12(b), 16 A.R.S., motions of dismissal for failure to state a claim, we believe that the petitioners' motions should have been granted. Accepting the factual allegations of the complaint as true, the posture of plaintiffs' claim for relief was that the Supreme Court of Arizona ordered the Commission to hold a hearing on the merits of Santen's compensation claim, that defendant Singer notified Santen that " * * * there was a question once again as to jurisdiction," that defendant Schreiber, speaking for the Industrial Commission, issued a report which in essence alleged "no jurisdiction" on the part of the Commission and that the Commission was seeking to avoid compensation to the plaintiff.

■ The specific conduct of the administrative body and its hearing officers, of which the plaintiffs complained, was clearly relative to determination of an employee's claim for workmen's compensation benefits. The referees raised the question of the Commission's jurisdiction of the claim—an act within the scope of their functions. The Industrial Commission, in making compensation awards, acts as a quasi-judicial body of limited jurisdiction. Edwards v. Industrial Commission, 3 Ariz. App. 290, 413 P.2d 800 (1966); Bailey v. Industrial Commission, 2 Ariz.App. 518, 410 P.2d 140 (1966); Jones v. Industrial Commission, 1 Ariz.App. 218, 401 P.2d 172 (1965); Butler v. Industrial Commission of Arizona, 57 Ariz. 119, 111 P.2d 628 (1941); Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658 (1926). Administrative agencies and their officers, when acting in relation to matters committed to their control or supervision, are immune from civil liability for the consequences of their acts. 73 C.J.S. Public Administra-

tive Bodies and Procedures § 15; 43 Am. Jur. Public Officers § 274; Wilson v. Hirst, 67 Ariz. 197, 199, 193 P.2d 461 (1948). The rule of immunity applies despite the fact that the officer may have acted maliciously or corruptly. Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938); Wilson v. Hirst, supra.

▮ It is argued by the respondent real parties in interest that this rule of immunity does not afford protection as to the acts complained of here. Liability for nonfeasance may attach when the duty is ministerial, i. e., when it is in obedience to the mandate of legal authority and the act is to be performed in a prescribed manner without the exercise of the officer's judgment as to the propriety of the act. 73 C.J.S. Public Administrative Bodies and Procedures § 15; 43 Am.Jur. Public Officers § 278.

▮ We cannot agree that the activities of the defendants described in the complaint which followed the stipulated order of the Supreme Court to set a hearing on the merits were ministerial acts. A.R.S. § 23–921 vests the Industrial Commission with the responsibility for administration of the Workmen's Compensation Act. The Commission has exclusive jurisdiction, subject to appellate review, to determine all questions of fact and law involved in claims for compensation under the Act. S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 69, 182 P.2d 931 (1947). Where, as here, the Commission was the exclusive arbiter of Santen's entitlement to compensation and incident thereto had the duty of determining for itself, subject to review, the meaning and legal effect of the Supreme Court order quoted above, the determination of when to set hearings and whether there were jurisdictional problems inherent in the application for compensation were clearly quasi-judicial functions as to which immunity attaches. Nothing in the complaint appears to indicate that the public officers were acting outside their official capacity; in fact, the contrary appears.

The plaintiffs had the affirmative obligation to allege facts in the complaint showing want of jurisdiction, Wilson v. Hirst, supra, in which respect they failed. We hold, therefore, that the petitioners were entitled as a matter of law to immunity from suit and the complaint should have been dismissed. See Hartline v. Clary, D.C., 141 F.Supp. 151 (1956).

▮ Having decided that the petitioners' respective motions to dismiss the complaint should have been granted, the controlling question is the propriety of this court's intercession by way of prohibition. An order denying a motion to dismiss is an interlocutory non-appealable order, A.R.S. § 12–2101 as amended; Bloch v. Bentfield, 1 Ariz.App. 412, 415, 403 P.2d 559 (1965); therefore, petitioners must await a final judgment in the case to achieve review by an appeal of the trial court's ruling on the subject motions. We need cite no authority for the well-established principle that a writ of prohibition is an extraordinary remedy, granted usually only in cases of necessity, and is a matter of discretion, to be granted or withheld according to the circumstances of the case by the court to which application is made.

The Supreme Court of Arizona has recently indicated that the scope of writs of prohibition may be broad enough to encompass correction of errors committed by inferior tribunals, pointing out that "acts in excess of jurisdiction * * *" include "* * * acts where the lower tribunal has abused its discretion." Caruso v. Superior Court in and for County of Pima, 100 Ariz. 167, 171, 412 P.2d 463, 465 (1966). As stated by the court:

"It is clear that the propriety of granting the writ depends upon the facts of each case. The guiding principle must be our obligation to see that essential justice is done."

100 Ariz. at 172, 412 P.2d at 466.

Although there is authority to the contrary, numerous cases have sustained the availability of this extraordinary writ to review an erroneous refusal to dismiss a

complaint. See People v. Superior Court, 29 Cal.2d 754, 178 P.2d 1, 40 A.L.R.2d 919 (1947), where the defense of sovereign immunity was presented by motion. See also Spraker v. Carroll, 416 P.2d 946 (Okl.1966); State Compensation Insurance Fund v. Superior Court, 237 Cal.App.2d 416, 46 Cal. Rptr. 891 (1965); Skelly Oil Company v. District Court, 401 P.2d 526 (Okl.1964); State ex rel. Haddock Engineers v. Swope, 56 N.M. 782, 251 P.2d 266 (1952). In these cases it was held that prohibition is proper to test the court's ruling on a motion to dismiss based on the lack of jurisdiction of compensation claims.

 The Missouri courts have consistently granted writs of prohibition to prevent a trial court from proceeding with a pending lawsuit where the complaint failed to state a cause of action and could not be amended to do so. State ex rel. H. K. Porter Co. v. Nangle, 405 S.W.2d 501 (Mo. App.1966); State ex rel. Henderson v. Cook, 353 Mo. 272, 182 S.W.2d 292 (1944); State ex rel. Johnson v. Sevier, 339 Mo. 483, 98 S.W.2d 677 (1936). Where no cause of action exists, a trial court's denial of a motion to dismiss constituted an assumption of judicial power not granted by law. Hampton v. Clendinning, 416 P.2d 617 (Okl.1966).

While we do not mean to imply that prohibition will always lie to review a trial court's refusal to dismiss a complaint for failure to state a claim upon which relief could be granted, we believe that the instant case requires our intervention. In the brief in opposition to the petition for a writ of prohibition, the following statement, which remains unchallenged, appears:

"Subsequent to the filing of the action and approximately one month later, the Commission, by its attorneys, offered to rescind its previous order of 'no award' and award the plaintiff compensation if he would not proceed with this suit for damages. The undersigned, on behalf of the plaintiff, agreed to withhold further proceedings on the suit, if the Commission would so do. Thereupon and on June 15, 1965, the I.C.A. did rescind its order of 'no award' and ordered payment of compensation from August 21, 1962 through June 15, 1965. The I.C.A. then reneged on its decision and upon their failure to uphold their promises and agreements the plaintiff proceeded with the prosecution of his claim."

 It is readily apparent that an "award" by the Commission would have placated the plaintiffs and terminated this lawsuit against named individuals. Public rights should not be thus bartered. The very purpose of the rule of immunity afforded to public officers was to avoid potential harassment and/or coercion by means of a threat of a lawsuit:

"The reason now given for the rule is simply one of public policy. 'Otherwise the perfect freedom which ought to exist in discharge of public duty might be seriously restrained, and often to the detriment of the public service.'"

Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 141, 118 A.L.R. 1440 (1938).

 In this case, we have the added motive of expediting relief to this industrial claimant. If this litigation were to wend its weary way through the courts, to result in a decision that denies relief, the claimant will have only been further injured.

 We believe a more expeditious course is open to the plaintiff. As we previously pointed out, the Supreme Court of Arizona issued its mandate to the Commission which impliedly ordered it to hold a hearing as to the merits of Santen's claim. The highest court of this state has on several occasions, in mandamus proceedings, compelled lower tribunals to carry out its mandates issued in disposition of appeals. See Tovrea v. Superior Court, 101 Ariz. 295, 419 P.2d 79 (1966); Spector v. McFate, 95 Ariz. 88, 387 P.2d 234 (1963). It is manifest that the Supreme Court will not countenance a lower court's rendition of a judgment differing "* * * in one jot or tittle * * *." from that which it

was directed to render. (Spector v. McFate, supra, at 89, 387 P.2d 234.) We cannot conceive that, upon application being made, it would tolerate a quasi-judicial body's departure from its mandate.

In holding that the petitioners are immune from suit while acting within the scope of their authority, we do not intend to condone dilatory tactics on the part of those to whom is entrusted the duty of administering the provisions of the Workmen's Compensation Act. As the respondent-judge so aptly stated (according to plaintiffs' brief filed in this court) this claimant has been "horsed around." However, the immortal words of Judge Learned Hand still ring true:

"It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation."
Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir.1949).

For the reasons herein stated, the trial court erroneously denied petitioners' motions to dismiss and, in accord with fundamentals of justice, the alternative writ of prohibition is made permanent.

HATHAWAY, C. J., and KRUCKER, J., concur.