Mae **ETHENGAIN**

v.

**Kenneth O. HOOK, District Director, Internal Revenue Service, Philadelphia, Pennsylvania.**

**Civ. A. No. 32695.**

United States District Court
E. D. Pennsylvania.
May 18, 1965.

See also 242 F.Supp. 702.

taxes allegedly erroneously and illegally assessed and collected from the plaintiff by defendant District Director of Internal Revenue. The United States has filed a motion to intervene as a defendant in this case and a motion to join plaintiff's husband as a third-party defendant under the provision of Rule 14 of the Federal Rules of Civil Procedure.

Rule 14 in pertinent part provides:

> "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* \* \* \*"

The joinder of plaintiff's husband as a third-party defendant is sought here because it is alleged that he was engaged in wagering at the same time that plaintiff is alleged to have been so engaged. In short, the government argument is that either the wife or the husband or perhaps both are liable for wagering excise taxes in issue here and that, accordingly, both husband and wife should be parties to this litigation, rather than requiring the government to litigate its claim against the husband separately.

The government's concern for avoiding multiple litigation of claims arising out of the same occurrences is shared by this court, but good ends cannot be accomplished by bad means.

■■ Rule 14 is clear. Although it does not restrict impleader to the indemnity or contribution situation, it essentially requires as a condition for a valid third-party action, an attempt by a defendant to pass on to the third party the burden of some or all of plaintiff's claim, in this case, for a tax refund. It clearly does not encompass what has been attempted here, the assertion by the United States of a separate claim for taxes against a person not a party to this case. Since in the present case the proposed third-party defendant cannot be liable to the original defendant for all or part of the plaintiff's claim against the

Edward K. Nichols, Jr., Stephen B. Narin, Narin, Garfinkel & Mann, Philadelphia Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Francis R. Crumlish, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

In this tax refund suit plaintiff wife seeks to recover certain wagering excise

original defendant, the motion to join the third-party defendant must be denied.

 Since the United States sought to intervene in the case solely to enable it to join the proposed third-party defendant, and since such joinder is improper on the facts of this case, there is no reason for the court to exercise its discretion and permit the intervention. Accordingly, the motion to intervene will be denied.