466 P.2d 802

**STATE COMPENSATION FUND,** Petitioner,

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable William C. Frey, Judge, George B. Greene, and William T. Healy, Respondents.**

**No. 2 CA–CIV 819.**

Court of Appeals of Arizona,
Division 2.

March 23, 1970.

Cecil A. Edwards, Jr., Phoenix, for petitioner.

Lawrence Ollason, Tucson, for respondents Greene and Healy.

KRUCKER, Judge.

An order of the respondent court denying the State Compensation Fund's

motion to dismiss a third party complaint is the subject of review in this special action. Since it is an interlocutory non-appealable order, A.R.S. § 12–2101, as amended; Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965), appellate intervention is appropriate when a trial court's refusal to dismiss constitutes an unauthorized assumption of judicial power. Industrial Commission v. Superior Court in and for County of Pima, 5 Ariz.App. 100, 423 P.2d 375 (1967); Rule 3, Rules of Procedure for Special Actions, 17 A.R.S. We therefore accept jurisdiction.

The chronology of events which gave rise to this proceeding is as follows. In 1967, respondent Greene was injured in an automobile accident while in the employ of an insured employer under the Workmen's Compensation Act. He filed for Workmen's Compensation benefits and his claim was accepted by the petitioner Fund. Greene thereafter filed an "election of remedies" pursuant to A.R.S. § 23–1023, subsec. C, as amended, and in 1968, filed suit, Cause No. 105791, against the third party tortfeasor, Mrs. Carlson and her husband. (Respondent Healy appeared as attorney for Greene.) Prior to this lawsuit, Greene had received benefits from the petitioner in the total amount of $2,290.34. (Medical expenses of $947.75 and compensation of $1,344.59.) The petitioner Fund was not a party to this lawsuit.

The personal injury litigation resulted in a judgment entered on March 7, 1969, in favor of Greene in the amount of $10,000, plus costs. He subsequently filed a satisfaction of judgment in said amount on April 8, 1969. On August 14, 1969, the superior court issued the following order to show cause in Cause No. 105791:

"Upon reading and filing of Notice of Attorney's Lien, it is hereby

ORDERED that the Industrial Commission of Arizona now known as the State Compensation Fund show cause on * * * why WILLIAM T. HEALY, should not be compensated in the sum of 33⅓ per cent, being the sum of $763.33 as attorney's fees for the recovery of funds for the State Compensation Fund of Arizona and why the Plaintiff should not be reimbursed 33⅓ per cent of the costs paid by the Plaintiff in this matter in the sum of $426.53 as costs advanced and for such other and further relief as is just."

The State Compensation Fund moved to quash the order to show cause and at the hearing on its motion obtained the requested relief. The minute entry of said hearing reflects the following additional order:

"IT IS FURTHER ORDERED that the Plaintiff have leave to file a third-party complaint against the State Compensation Fund of Arizona and serve said party in accordance with the statutes for the purpose of making an adjudication with respect to the Amended Notice of Attorney's Lien and Petition for Order to Show Cause filed herein this date and the matters therein contained."

A "Complaint in Interpleader" was subsequently filed in Cause No. 105791 by another attorney on behalf of the plaintiff. This pleading, in substance, alleged that: the court had jurisdiction over the controversy by virtue of the plaintiff depositing the sum of $2,290 with the clerk of the superior court; the plaintiff had accepted from the State Compensation Fund accident benefits and compensation in the sum of $2,290; he had elected to bring an action against the tortfeasor and had obtained a judgment in the sum of $10,000; he had expended the sum of $1,279.60 as costs of litigation and attorneys' fees in the amount of $3,333.33; and the State Compensation Fund had demanded reimbursement of the sum of $2,290, but had refused to share pro rata in the foregoing costs and attorneys' fees. The prayer for relief requested judgment in favor of the plaintiff and against the State Compensation Fund in the sum of $1,279.60 for costs and the sum of $763.33, one-third of the actual attorneys' fees expended in securing the recovery of $2,290 for the State Compensation Fund.

The State Compensation Fund moved to dismiss the plaintiff's complaint in interpleader on several grounds, including:

*    *    *    *    *    *

"3. That Plaintiff's Complaint in Interpleader fails to state a claim upon which relief can be granted against this Defendant because Plaintiff is not subject to double or multiple liability as required by Rule 22(a), Rules of Civil Procedure.

4. That Plaintiff's Complaint in Interpleader fails to state a claim upon which relief can be granted against this Defendant because Plaintiff is an improper party to bring such an action under the provisions of Rule 14, Rules of Civil Procedure."

We believe these objections were well-taken and the trial court erred in denying the motion to dismiss. Rule 14(b), Arizona Rules of Civil Procedure, 16 A.R.S., provides:

"When plaintiff may bring in third party. *When a counterclaim is asserted against a plaintiff,* he may cause a third party to be brought in under circumstances which under this Rule would entitle a defendant to do so." (Emphasis supplied)

■ As a third party complaint, we believe the plaintiff's pleading is defective. Rule 14 may be used to implead one who is or may be "secondarily" liable to the third party plaintiff for all or part of a claim asserted against the latter. Ross v. Erie Railroad Company, 18 F.R.D. 9 (N.D.Pa. 1955). Rule 14(b) places a plaintiff in the same position as a defendant under Rule 14(a) when a counterclaim is filed and therefore a plaintiff must likewise allege that the third party defendant will be liable over to the plaintiff for all or part of the defendant's claim against the plaintiff. Kaiser Aluminum & Chemical Sales, Inc. v. Ralston Steel Corporation, 25 F.R.D. 23 (N.D.Ill.1959). As stated in United States v. Joe Grasso & Son, Inc., 380 F.2d 749 (5th Cir. 1967):

"The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be 'liable *secondarily* to the original defendant in the event that the latter is held liable to the plaintiff.' [Emphasis added] Holtzoff, Entry of Additional Parties in a Civil Action, 31 F.R.D. 101, 106 (1962). Accord, Cass v. Brown, 41 F.R.D. 284, 286 (D.Colo.1966); National Fire Ins. Co. v. Daniel J. Keating Co., 35 F.R.D. 137, 139 (W.D.Pa.1964). Stating the same principle in different words, other authorities declare that the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, 1A Barron & Holtzoff, Federal Practice and Proc. Sec. 426, at 664–669, or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant, 3 Moore's para. 14.07, at 512; See Kohn v. Teleprompter, supra [D.C., 22 F.R.D. 259]. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim." (Emphasis in original) 380 F.2d at 751–752.

■ In the instant case, no counterclaim was asserted against the plaintiff. Under Rule 14, a requisite condition for a valid third party action is that there be an attempt by the plaintiff to pass on to a third party the burden of some or all of a counter-claim asserted against the plaintiff. Ethengain v. Hook, 242 F.Supp. 700 (E.D. Pa.1965). Here, the petitioner's liability was not dependent upon the outcome of litigation between plaintiff and another. Impleader, therefore, was not available to the plaintiff—he was required to file a direct

action against the petitioner. George v. Brehm, 246 F.Supp. 242 (W.D.Pa.1965).

The next question is: if this was a complaint in interpleader, did it state a claim for relief? Rule 22(a), Arizona Rules Civil Procedure, provides:

> "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. * * *"

Rule 22(b), Arizona Rules Civil Procedure, provides:

> "Any party invoking the interpleader, as provided by subdivision (a) of this Rule, may move the court for an order discharging him from liability to either party, and upon depositing in court the amount claimed, or by delivering the property to the party entitled thereto, or into court as the court may direct, he may be discharged."

The function of interpleader is to rescue a debtor from undue harassment when there are several claims made against the same fund, i. e., to prevent exposure to double or multiple taxation. Pan American Fire & Casualty Company v. Revere, 188 F.Supp. 474 (E.D.La.1960). Although under Rule 22(a), supra, the plaintiff's assertion of non-liability to any or all of the claimants is no grounds for objection, an interpleader action cannot be maintained if the interpleader asserts any right or interest *against* interpleaded claimants. Hill v. Favour, 52 Ariz. 561, 84 P.2d 575 (1938); Holland v. Sterling, 214 Ga. 583, 105 S.E. 2d 894 (1958). The plaintiff Greene was not a mere disinterested stakeholder seeking to avoid exposure to double or multiple liability, but was a claimant. He therefore could not maintain an action in interpleader but was relegated to an action for declaratory relief. Pasadena Investment Co. v. Peerless Casualty Company, 134 Cal. App.2d Supp. 902, 286 P.2d 1014 (1955).

We are of the opinion that the plaintiff's pleading failed to state a claim for relief since the only claim asserted against the Compensation Fund was a *direct* controversy between the plaintiff and the Fund. Failure to state a claim for relief constitutes a jurisdictional defect, Riley v. County of Cochise, 10 Ariz.App. 55, 455 P.2d 1005 (1969), and therefore the trial court erred in denying petitioner's motion to dismiss.

For the reasons herein stated, the petition is granted and the trial court is directed to enter an appropriate order not inconsistent with this opinion.

HOWARD, C. J., and HATHAWAY, J., concur.