480 P.2d 685

Jesus B. JAIME, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

National Metals Company, Respondent Contractor,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 483.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 17, 1971.

craft at Davis Monthan Air Force Base in Tucson, Arizona. As a result of this operation certain metals called "dross" had been accumulated. In the latter part of 1966 two brothers, hereinafter referred to as Edwards, were hired by National to process the dross. It was transported to Phoenix where one Williams processed it into ingots which Edwards in turn hauled back to National in Tucson. The initial processing by Edwards was performed on property leased by National. The petitioner herein was hired by Edwards after they had entered into their agreement with National and it was while he was so employed that he was injured.

Petitioner concedes that an independent contractor relationship existed between Edwards and National, but argues that National, through Edwards, had the same power of supervision and control of petitioner and of Edwards' other employees as did Edwards. Petitioner urges that the evidence establishes that his status is governed by the provisions of A.R.S. § 23–902, subsec. B, which reads:

"When an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, then such contractors and the persons employed by him, and his subcontractor and persons employed by the subcontractor, are, within the meaning of this section, employees of the original employer."

This court has previously considered this statute in the case of Nochta v. Industrial Commission, 7 Ariz.App. 166, 169, 436 P.2d 944, 946 (1968). In that case we stated:

"The body of the law concerned with distinguishing independent contractors from employees is, indeed, huge. And though no hard and fast rule can be set forth, but instead each case must be

Price, Tinney, Lindberg & Gianas by John E. Lindberg, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, Donald L. Cross, Former Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Robert K. Park, Chief Counsel by J. Victor Stoffa, Phoenix, for respondent carrier State Compensation Fund.

CASE, Judge.

We are asked to review an award of the Commission arising from its finding that petitioner's employer occupied the relationship of an independent contractor to respondent National Metals Company.* Petitioner's employer had failed to provide workmen's compensation insurance for their employees, and, as a consequence, petitioner instituted proceedings under the act in an attempt to collect compensation from National Metals.

The issue presented is:

WAS PETITIONER JESUS B. JAIME AN EMPLOYEE OF NATIONAL METALS COMPANY UNDER THE PROVISIONS OF A.R.S. § 23–902, SUBSEC. B?

The facts are as follows:

National Metals Company was engaged in the business of dismantling obsolete air-

* This case was decided under the law as it existed prior to 1 January 1969.

determined by the sum total of its own facts, the general test laid down by our own statute (Section 56–928) and by the great weight of authority is whether the alleged employer 'retains supervision or control over the method of reaching a certain result, or whether his control is limited to the result reached, leaving the method to the other party'. (Citations omitted) In order to apply this test and so determine the extent of this 'right to control', courts look for a variety of signposts or indicia none of which are in themselves conclusive but which when taken together and applied to a particular set of facts, aid in making the line to be drawn more clear. Blasdell v. Industrial Commission, 65 Ariz. 373, 376, 181 P.2d 620, 622 (1947).

And: The test has been held to be whether the alleged employer retains control over the method of reaching the required result or whether his control is limited to the result reached, leaving the method to the other party. Posey v. Industrial Commission, 87 Ariz. 245, 253, 350 P.2d 659, 664 (1960). See also Industrial Commission v. Farm and Home Food Service, Inc., 5 Ariz.App. 339, 426 P.2d 808 (1967)."

We do not believe it necessary for a determination of this case that the reasoning in support of our decision be set forth in detail since a comprehensive review of all the evidence leads us to the inescapable conclusion that while Edwards' work was a part of the overall salvage operation of National, that the methods used by Edwards in carrying out their contract were not subject to the supervision or control of National.

The award of the Commission is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.