487 P.2d 1044

George ISAACS et al., Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PINAL; the Honorable T. J. MAHONEY, Judge of the Superior Court, et al., Real Parties in Interest, Respondents.

No. 2 CA–CIV 1041.

Court of Appeals of Arizona, Division 2.

Aug. 12, 1971.

Dyer & Cates, P. A., by Jeffrey S. Cates, Phoenix, for petitioners.

Streich, Lang, Weeks, Cardon & French, by Dan M. Durrant, Phoenix, for real parties in interest.

RUSKIN LINES, Superior Court Judge.

An order of the respondent court denying the petitioners' motion to dismiss, as to them, an amended complaint filed by the

real parties in interest is the subject of review in this special action. The appropriateness of relief by way of special action has not been challenged by the respondents and this court has not been loath to intervene in analogous situations where a trial court has refused to dismiss a complaint for failure to state a claim. E. g., Industrial Commission v. Superior Court, 5 Ariz.App. 100, 423 P.2d 375 (1967); State Compensation Fund v. Superior Court, 11 Ariz.App. 583, 466 P.2d 802 (1970).

The real parties in interest, hereinafter referred to as plaintiffs, filed suit in the respondent court against certain named defendants, including the petitioners. The complaint set forth three claims for relief.

The first claim alleged in substance that the plaintiffs had entered into a listing agreement with the owners of certain real property, that the agreement provided for a sales commission in the amount of 10 percent of the gross sales price of the property, and that the plaintiffs were to share equally in said commission with another named defendant, one Albert Burke. They further alleged that the property was subsequently sold to petitioner Isaacs and that the owner-defendant had agreed that the foregoing commission agreement would apply to such sale. They further claimed that the petitioners were "receiving or participating" in the real estate commission paid on the sale to Isaacs. Appended to the complaint was a copy of the listing agreement upon which this claim for relief was predicated.

The second claim was one for damages resulting from alleged fraudulent misrepresentations of defendant Albert Burke, acting for himself and on behalf of a named corporate defendant. No relationship between these two defendants and the petitioners was alleged so as to impose liability upon them for Burke's conduct.

The third claim alleged a joint venture arrangement between the plaintiffs and Burke as to the sale of the subject property and that the fiduciary duty owed by Burke to the plaintiffs had been breached.

■ To test the propriety of a ruling on a motion to dismiss a complaint for failure to state a claim for relief, we must accept the well-pleaded facts of a complaint as true. Kalmanoff v. Weitz, 8 Ariz.App. 171, 444 P.2d 728 (1968). As to the first claim for relief, predicated upon contract, petitioners were neither parties nor privies thereto. Consequently, there being no contractual duty alleged as to petitioners, no claim arose thereunder. 71 C.J.S. Pleading § 78.

■ As to the other two claims for relief, they are equally deficient as to the petitioners in that there are no allegations of wrongful conduct either on their part or on the part of one acting in their behalf. This deficiency renders these claims defective. 71 C.J.S. Pleading § 73.

For the foregoing reasons, we hold that the complaint fails to set forth a claim for relief as to petitioners and, when attacked by motion, should have been dismissed as to them.

■ The trial court is therefore directed to enter an appropriate order of dismissal.[1]

KRUCKER, C. J., and HOWARD, J., concur.

Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge RUSKIN LINES was called to sit in his stead and participate in the determination of this decision.

---

1. Notwithstanding the liberal construction to be given to a pleading when attacked by a motion to dismiss, the plaintiffs' pleading cannot be construed as a bill of interpleader. State Compensation Fund v. Superior Court, supra.