490 P.2d 426

**STATE COMPENSATION FUND,**
Petitioner,

v.

The **SUPERIOR COURT** of the State of Arizona, **IN AND FOR the COUNTY OF PIMA, et al., Respondents.**

No. 2 CA–CIV 1052.

Court of Appeals of Arizona,
Division 2.

Nov. 8, 1971.

Rehearing Denied Dec. 23, 1971.

Review Denied Jan. 26, 1972.

Robert K. Park, Chief Counsel State Compensation Fund, by J. Victor Stoffa, Phoenix, for petitioner.

Price, Tinney, Lindberg & Gianas, by John E. Lindberg, Tucson, for respondents.

HOWARD, Judge.

[1] Petitioner has filed this special action questioning the order of the trial court denying its motion for summary judgment. Relief by means of special action is appropriate. Cf. Issacs v. Superior Court, 15 Ariz.App. 232, 487 P.2d 1044 (1971).

The facts are not in dispute. In August of 1970, the respondent Jesus B. Jaime, filed an action in the trial court naming the petitioner as one of the defendants. Before setting forth the allegations of the complaint, a brief history of previous events in litigation is helpful.

On 16 November 1965, the Industrial Commission issued to Edwards Bros. a policy of insurance indemnifying Edwards Bros. against liability under the Workmen's Compensation Law of Arizona. After repeated notices of payment delinquencies, and after Edwards Bros. were more than three months past due in payments required by that policy, the policy was cancelled by the Industrial Commission effective 17 June 1966 by reason of the reasonable belief of the Industrial

Commission that the continued indemnification of Edwards Bros. constituted a threat to the solvency of the Fund and for the additional reason that Edwards Bros. had not submitted payroll reports upon which the rate of premiums could be assessed as further required by the contract of insurance.

Nearly four months thereafter, in October 1966, Jaime was hired by Edwards Bros. At the time Jaime was hired Edwards Bros. had been hired by National Metals Company in connection with the dismantling of obsolete aircraft at Davis-Monthan Air Force Base in Tucson, Arizona. Jaime was injured in an industrial accident on 2 May 1967 while in the employ of Edwards Bros. during the dismantling operation.

When informed that the Industrial Commission had cancelled Edwards Bros.' policy, Jaime, pursuant to A.R.S. § 23-907[1], petitioned for an award. The Industrial Commission entered an award in favor of Jaime but Jaime has been unable to collect on the award from Edwards Bros.

Jaime then proceeded against National Metals Company, on the theory that National Metals was a statutory employer and he was entitled to benefits of Workmen's Compensation under National's policy. This contention failed and an adverse ruling was made by the Court of Appeals of Arizona, Division One, Department A, in the case of Jaime v. Industrial Commission, 14 Ariz.App. 70, 480 P.2d 685 (1971).

Turning our attention back to the amended complaint, Jaime alleged that the Industrial Commission wrongfully cancelled Edwards Bros.' insurance policy and further was negligent in failing to inform Jaime that such cancellation had taken place.

The trial court had before it, in affidavit form, all of the facts of the cancellation which we have previously recited. The respondent Jaime defends the action of the trial court on two grounds: (1) That for every wrong there exists a remedy and (2) A.R.S. § 23-965 which permits the Commission to collect past due premiums by means of a civil action constitutes the exclusive remedy of the Commission when there is a default in premium payments.

While the first contention of the respondents has first blush appeal to common-law judges, it is equally true that before one is entitled to a remedy against an alleged wrongdoer, there must be some duty owing from the wrongdoer towards the injured person. In the case *sub judice* no such duty exists. A.R.S. § 23-961, subsec. A, par. 2, provided in part:

"The corporation or association shall write and carry all risk or insurance for which application may be made to it which are not prohibited by law, and shall carry a risk to the conclusion of the policy period unless cancellation is agreed to by the commission and the employer. *Any policy shall be subject to cancellation at any time by the commission.*" (Emphasis added.)

In Home Accident Ins. Co. v. Pleasant, 36 Ariz. 211, 284 P. 153 (1930), the court in interpreting the precursor of A.R.S. § 23-961, subsec. A, par. 2, stated:

"Under this provision [Sec. 48 of Workmen's Compensation Law (Ch. 83,

---

1. Prior to the 1969 amendments to Workmen's Compensation Law, A.R.S. § 23-907 provided that when the employer fails to secure compensation the employee could file an application with the Industrial Commission for compensation in accordance with the provisions of the Workmen's Compensation Law and further provided that the Commission would hear and determine the application for compensation in the same manner as other claims are heard before the Commission. An abstract of the award of compensation made by the Commission could, if the employer failed to pay, be filed in the office of the Clerk of Superior Court in any county of the State and entered in the civil order book and judgment docket and so filed and entered became a lien for 8 years from the date of the award upon the property of the employer located in the county.

Laws 1925, § 1422, Rev.Code 1928) subsec. (2)], there are two ways in which a policy may be canceled: One at instance of the insurer, if 'agreed to by the industrial commission and the employer,' and the other by the Industrial Commission on its own initiation. Is there any other way? We think not." 36 Ariz. at 218, 284 P. at 155.

We feel that A.R.S. § 23–961, subsec. A, par. 2 is determinative of the issue of the right to cancel and we do not believe that A.R.S. § 23–965 precludes cancellation of the policy for past due premium payments but merely provides a method for collecting past due premiums if the Commission so desires.

We find no requirement in the Workmen's Compensation Laws that the Commission notify employees that their employer's workmen's compensation policy has been cancelled. A *fortiori* there is no requirement that the Industrial Commission keep track of those employees who are hired after cancellation and give them warning or notice of the cancellation.[2]

Petitioner, in this special action, has questioned whether or not it is even a proper defendant in the action below. We need not answer this question in view of a determination of the issues which we have just discussed which we believe finally disposes of the matter.

The trial court is therefore directed to enter summary judgment in favor of the petitioner and against the respondent Jaime.

KRUCKER, C. J., and HATHAWAY, J., concur.

2. Under A.R.S. § 23–907, effective as of January 1, 1969, some of the harshness which occurs when the employer has failed to secure compensation and is impecunious has been dispelled by virtue of the fact that under the amended statute, if the employer does not pay the compensation ordered by the Commission, the Commission within its discretion may order the award paid out of a special fund and in that event the cause of action against the employer is assigned to the Commission for the benefit of such fund.