660 P.2d 1231

In re the Marriage of Julius PFLUM,
Petitioner-Appellant,

v.

Jeanette PFLUM, Respondent-Appellee.

No. 1 CA–CIV 5307.

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 2, 1982.

Donald C. Premeau, Globe, for appellant.

Nelson & Friedman by John W. Nelson, and Kenneth D. Freedman, Phoenix, for appellee.

OPINION

GRANT, Judge.

The issue raised by this appeal is whether Maricopa County Superior Court has jurisdiction to enforce an order of child support previously issued by the Gila County Superior Court. The facts necessary for the determination of this issue on appeal are as follows. Appellant Julius Pflum was divorced from appellee Jeanette Pflum on December 20, 1973, by a decree of dissolution in Gila County Superior Court Cause No. 17534–B. The decree provided that the wife, Jeanette Pflum, would have custody

of the youngest child [1] of the parties and that the husband, Julius Pflum would pay $150.00 per month as child support for this child beginning on November 1, 1973. The child support order was made in an amended decree of dissolution issued February 5, 1974, by the Gila County Superior Court.

On August 8, 1979, the wife filed a petition for order to show cause re contempt in Maricopa County Superior Court alleging that the husband had failed to pay child support as ordered and that the sums then due were $5,250.00. On the same date as the filing of the petition for order to show cause re contempt, a "notice of filing intrastate judgment" was filed by the attorney for the wife. The document stated that the decree of dissolution and amended decree of dissolution entered in Gila County Superior Court, the record of child support received through the clerk of Gila County Superior Court and the exemplification from the clerk of the Superior Court of Gila County all had been filed in the office of the clerk of the Superior Court of Maricopa County. Copies of these decrees were attached to the petition. At the time the petition for order to show cause was filed the husband was residing in California and the wife and child resided in Maricopa County. Personal service was obtained on the husband.

The husband filed a motion to quash the Maricopa County Superior Court order to show cause citing the following reasons: (1) that Maricopa County Superior Court did not have in personam jurisdiction because the husband was a resident of the State of California, (2) that any modification or contempt action should be filed in Gila County Superior Court where the decree of dissolution was issued as there is no authority to change jurisdiction from one county to another absent mutual agreement of the parties and (3) that there was a pending action in Contra Costa County, California under a reciprocal non-support statute.[2]

The motion to quash was heard simultaneously with the order to show cause on December 3, 1979. The Maricopa County Superior Court, in a judgment entered January 17, 1980, denied the husband's motion to quash and gave judgment to the wife in the amount of $5,400.00 for delinquent child support plus $200.00 for attorney's fees. The husband was further ordered to make child support payments in a timely manner through the clerk of the Maricopa County Superior Court.

■ As a general rule jurisdiction acquired by a court in divorce proceedings over the subject of custody and maintenance of the child of the parties to the divorce suit is not only continuing but is exclusive. *Beard v. Greer*, 116 Ariz. 536, 570 P.2d 223 (App.1977); *Warren v. Meyers*, 21 Ariz.App. 111, 516 P.2d 53 (1973). The appellee agrees with the appellant that prior to 1977 a superior court sitting in one county in the State of Arizona had continuing jurisdiction over child support matters and retained exclusive jurisdiction. The question raised here is whether that general rule has been changed by the enactment of the Family Responsibility Act, A.R.S. §§ 12–2451—2458 (effective August 27, 1977). This question is one of first impression.

Referring to the rule stated above, the court of appeals in *Warren v. Meyers* stated: "We recognize that by reason of express constitutional or statutory provisions there may be exceptions to the rule we adopt here." 21 Ariz.App. at 114, 516 P.2d at 56. The question becomes whether A.R.S. §§ 12–2451—2458 create such a statutory exception. A.R.S. § 12–2451 begins by stating that "[e]very man and woman shall have the duty to provide all reasonable support for his or her natural and adopted minor, unemancipated, children, ..." The remaining sections spell out in detail the jurisdiction of the court and the nature of proceedings. Specifically, A.R.S. § 12–2452 relates to jurisdiction, venue and procedure:

§ 12–2452. Jurisdiction, venue and procedure

---

1. Custody of two older children was awarded to Julius Pflum.

2. This issue was not raised on appeal.

A. The superior court shall have original jurisdiction in proceedings to establish or enforce the duties of support as prescribed in this chapter. All such proceedings shall be civil actions except as provided in § 12–2458. *Proceedings to establish or enforce the duties of support as prescribed in this chapter may be originated in the county of residence of the respondent or the petitioner or of the child or children subject of the action.*
B. Proceedings to establish or enforce the duties of support as prescribed in this section may be commenced by any person, agency or entity providing support for a child or having physical custody of such child filing a verified petition alleging that a child is entitled to support from the named respondent. Only a natural person may petition to establish a duty of support except as provided in title 8 and title 12, chapter 7, article 3. Procedure upon filing of the petition shall be as in other civil cases.
C. Upon filing of the petition, the court shall issue an order requiring the respondent to appear at the time and place set for the hearing on the petition. Service of the order and a copy of the petition shall be as provided in the rules of civil procedure. [emphasis added]

As set forth in that statute the venue of the court in both "proceedings to establish *or* enforce" support duties may be brought in the county of residence of either party or of the children. Use of the disjunctive "or" is not to be viewed as accidental or inadvertent. A.R.S. § 12–2455 appears to confirm the application of the above statute to the case before us.

§ 12–2455. Enforcement of support orders by execution, attachment, garnishment, levy, appointment, provisional remedies

Any judgment, order or decree, whether arising from a dissolution, divorce, separation, annulment, custody determination, paternity or maternity determination or from Uniform Reciprocal Enforcement of Support Act proceeding and any interlocutory support award in any such proceeding or in any other proceeding regarding support which provides for alimony, spousal maintenance or child support may be enforced as a matter of right by execution, attachment, garnishment, levy, appointment of a receiver, provisional remedies or any such other form of relief provided by law as an enforcement remedy for civil judgments. An affidavit regarding all payments in default under such support order, along with a copy of such underlying support order, shall be filed with the clerk of the superior court along with the appropriate writ, application, petition or motion.

The cases cited by the appellant in support of his position that Maricopa County Superior Court had no jurisdiction in this matter were all prior to the effective date of the Family Responsibility Act.

The orders named by A.R.S. § 12–2455 including child support orders can be enforced as any other civil judgment. Each child support installment is enforceable as a judgment when it becomes due. *Chudzinski v. Chudzinski,* 26 Ariz.App. 130, 546 P.2d 1139 (1976). Child support installments are vested when due, and each as it falls due is in the nature of a final judgment. *Harding v. Sutherlin,* 120 Ariz. 193, 584 P.2d 1184 (App.1978). Although obtaining judgment with respect to arrearages is not required, a party entitled to the past due support may petition the court to obtain written judgment for the full amount and the trial judge has a mandatory duty to enter judgment under such circumstances. *Id.; Jarvis v. Jarvis,* 27 Ariz.App. 266, 553 P.2d 1251 (1976).

For the reasons stated we hold that a petition for order to show cause relating to enforcement of child support arrearages may be brought in the superior court in any county of this state where one or both parties or the child resides, regardless of where the decree was originally obtained.

Additionally appellant raises the issue that the appellee did not comply with the requirements of A.R.S. § 12–2452(B) requiring the filing of a verified petition. Having been raised for the first time on

appeal, this issue cannot be considered. Matters not raised below will not be considered on appeal. *Parks v. American Cas. Company of Reading, Pennsylvania,* 117 Ariz. 339, 572 P.2d 801 (1977); *Coat v. A.J. Bayless Markets, Inc.,* 128 Ariz. 438, 626 P.2d 602 (App.1981); *Conner v. El Paso Natural Gas Co.,* 123 Ariz. 291, 599 P.2d 247 (App.1979).

▪ Even if we were to consider this issue on the merits we note that A.R.S. § 12–2452(B) is not an exclusive remedy for enforcing child support. *See Harding v. Sutherlin,* A.R.S. § 12–1651, et seq.

Appellant also argues that even though Maricopa County Superior Court might have jurisdiction to enforce the child support orders of Gila County it should refuse to do so in the interests of comity. *See Nixon v. Nixon,* 226 Kan. 218, 596 P.2d 1238 (1979). To do so the appellant maintains would encourage judge and forum shopping. We do not agree.

▪ The Family Responsibility Act was enacted for the enforcement of child support orders throughout the state. Since the appellee and the child were residents of Maricopa County at the time the petition for order to show cause was filed and the appellant was residing out of state, venue was appropriate. A.R.S. § 12–401(1) and (4). Venue, as such, was not challenged by the appellant below. The argument regarding forum shopping and judge shopping is of no merit in light of the fact that the original divorce action could be brought in any county in the state regardless of the county of residence of the parties. The statute providing for dissolution of marriage, A.R.S. § 25–312 provides that the court shall enter the decree of dissolution only if it finds that one of the parties, at the time of the action was domiciled in the state for ninety days. Prior to the enactment of the statute in 1973 there was a county domicile requirement in addition to the state domicile requirement. Code 1939, § 27–803; *Davies v. Russell,* 84 Ariz. 144, 325 P.2d 402 (1958). Since the county domicile requirement was omitted by the legislature it obviously intended that a dissolution action could be brought in any county.

The motion to quash the petition for order to show cause re contempt was properly denied. The judgment is affirmed.

JACOBSON, J., and RICHARD M. DAVIS, J. pro tem, concur.

NOTE: The Honorable Richard M. Davis, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.