224 P.3d 169

**STATE of Arizona ex rel. INDUSTRIAL COMMISSION OF ARIZONA, Plaintiff/Judgment Creditor/Appellee,**

v.

**Tommy WORD dba Pacific Mechanical Service, Defendant/Judgment Debtor/Appellant.**

**No. CV–09–0174–PR.**

Supreme Court of Arizona, En Banc.

Feb. 8, 2010.

Industrial Commission of Arizona By Michael P. Primiano, Phoenix, Attorney for State of Arizona and Industrial Commission of Arizona.

Philip R. Wooten, P.C. By Philip R. Wooten, Phoenix, Attorney for Tommy Word and Pacific Mechanical Service.

**OPINION**

HURWITZ, Vice Chief Justice.

¶ 1 This case requires us to interpret A.R.S. § 23–907(E) (Supp.2009), which governs recovery of payments made by the Industrial Commission to injured workers whose employers fail to maintain workers' compensation insurance.

## I.

### A.

¶ 2 On August 2, 1991, Robert Ruehrmund was injured while employed by Tommy Word. Because Word did not carry workers' compensation insurance, Ruehrmund had the option of either pursuing tort remedies or seeking benefits from the Commission's Special Fund. A.R.S. § 23–907(A)–(B) (Supp. 1990). The Special Fund is financed by assessments against workers' compensation insurance premiums and self-insured employers. A.R.S. § 23–1065(A) (Supp.2009).

¶ 3 Ruehrmund sought workers' compensation. After a hearing, an administrative law judge issued an award on April 10, 1992 (the "1992 Award"), granting Ruehrmund continuing hospital, surgical, medical, and compensation benefits. After the administrative law judge denied his request for review, Word filed a special action in the court of appeals, which upheld the award. *Word v. Indus. Comm'n*, 175 Ariz. 474, 477, 857 P.2d 1328, 1331 (App.1993).

### B.

¶ 4 The Commission made payments to Ruehrmund pursuant to the 1992 Award from the Special Fund through November 18, 1998. When an injured worker receives such payments, the uninsured employer is liable to the Special Fund under § 23–907(E) for the payments, statutory penalties, and interest.

¶ 5 Section 23–907(E) requires the Commission to notify the employer periodically of his liability to the Special Fund. On December 3, 1993, the Commission issued a "Continuing Award," listing payments made from the Special Fund to Ruehrmund between August 2, 1991, and November 29, 1993. On May 20, 1994, and March 9, 1998, the Commission issued two "Supplemental Continuing Awards." Each of these documents identified payments to Ruehrmund from the Special Fund during a specified period and a "balance forward," accumulating payments, penalties, and interest to date.

¶ 6 On October 11, 2000, the Commission issued a "Final Award" (the "2000 Final Award"), which covered payments from December 20, 1997, through November 18, 1998. The 2000 Final Award listed a total "balance forward" of $84,325.28. Word did not contest the 1993 Continuing Award, the two Supplemental Continuing Awards, or the 2000 Final Award.

### C.

¶ 7 The Commission filed the 2000 Final Award with the Maricopa County Superior Court Clerk on July 11, 2001, and with the Maricopa County Recorder on July 25, 2001. In 2007, the Commission attempted to collect amounts owed to the Special Fund through writs of garnishment. In response, Word filed a motion pursuant to Arizona Rule of Civil Procedure 60(c), arguing that the Commission was barred from seeking recovery for any liabilities incurred under the 1992 Award because the eight-year limitations period in § 23–907(E) had expired. The superior court denied the motion.

¶ 8 The court of appeals reversed, holding that § 23–907(E) required the Commission to file the 1992 Award with the superior court clerk before pursuing its remedies against Word. *State ex rel. Indus. Comm'n v. Word*, 221 Ariz. 283, 286–87 ¶¶ 14, 19, 211 P.3d 1267, 1270–71 (App.2009). The court held that the Commission's ability to recover payments from Word had expired eight years from the date of the 1992 award. *Id.* at 288 ¶ 22, 211 P.3d at 1272.

¶ 9 We granted the Commission's petition for review because interpretation of § 23–907(E) is an issue of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12–120.24 (2003).

## II.

### A.

¶ 10 Arizona law has provided for a workers' compensation system since statehood. Ariz. Const. art. 18, § 8; *see also Grammatico v. Indus. Comm'n*, 211 Ariz. 67, 70–71 ¶¶ 10–17, 117 P.3d 786, 789–90 (2005) (recounting history). The workers' compensation system provides an alternative to tra-

ditional tort law, assuring the injured worker of compensation for employment-related injuries regardless of fault. *Grammatico*, 211 Ariz. at 71 ¶ 17, 117 P.3d at 790.

¶ 11 To ensure the payment of benefits, Arizona law has long required that employers either obtain workers' compensation insurance or provide the Commission with satisfactory evidence of their financial ability to self-insure. *See* 1925 Ariz. Sess. Laws, ch. 83, § 48 (Reg.Sess.) (current version at A.R.S. § 23–961(A) (Supp.2009)). Since 1925, an injured worker of an uninsured employer has had the option of either suing in tort or obtaining a workers' compensation award from the Commission. *Id.* The 1925 act required that the employer promptly pay benefits awarded by the Commission directly to the worker, and provided that

> [a]n abstract of the award may be filed in the office of the clerk of the superior court in any county in the state and shall be docketed in the judgment docket thereof, and when so filed and docketed shall be a lien upon the property of the employer situated in the county for a period of eight years from the date of the award; execution may be issued thereon within eight years in the same manner and with like effect as if said award were a judgment of the superior court.

*Id.* (as codified at Ariz. Rev.Code 1928, § 1433).

¶ 12 In 1968, the legislature gave the Commission the discretion to compensate workers of non-insured employers directly from the Special Fund. 1968 Ariz. Sess. Laws, ch. 6, § 12 (4th Spec.Sess.); *see also State Comp. Fund v. Superior Court*, 15 Ariz.App. 597, 599 n. 2, 490 P.2d 426, 428 n. 2 (1971) (noting statutory change). If the Commission did so, it was assigned the worker's cause of action against the employer. 1968 Ariz. Sess. Laws, ch. 6, § 12 (codified as amended at A.R.S. § 23–907(B) (1970)). The 1968 act retained, without material change, the filing and lien provisions of the 1925 act quoted above. *Id.*

¶ 13 In 1973, the legislature removed the Commission's discretion and required benefits awarded to injured workers of uninsured employers to be paid from the Special Fund.

1973 Ariz. Sess. Laws, ch. 136, § 3 (1st Reg. Sess.) (codified at A.R.S. § 23–907(C) (Supp. 1974)). Again, the 1973 act retained, with no material change, the language providing that the Commission "may" file the award with any superior court clerk to obtain an eight-year lien on the employers' property. *Id.* The 1973 act also added language to § 23–907(C) providing that "[t]he award will act as a judgment against the employer for the amount expended." *Id.*

¶ 14 In 1977, § 23–907(C) was amended to its current form. 1977 Ariz. Sess. Laws, ch. 109, § 2 (1st Reg.Sess.). As codified at § 23–907(E), the statute now provides:

> The employer shall be notified of the employer's liability to the special fund periodically and this notice shall include a ten per cent penalty of the amount expended by the special fund or a penalty of one thousand dollars, whichever is greater, plus interest on the amount expended and the penalty pursuant to § 44–1201. The payments made from the special fund pursuant to the award plus the penalty shall act as a judgment against the employer. The commission shall file the award in the office of the clerk of the superior court in any county in the state and such award shall be entered in the civil order book and judgment docket and when so filed and entered shall be a lien for eight years from the date of the award upon the property of the employer located in the county. Execution may issue thereon within eight years in the same manner and with like effect as if the award were a judgment of the superior court.

**B.**

¶ 15 The court of appeals focused on the third sentence of § 23–907(E). Noting that the 1977 act had changed the third word in that sentence from "may" to "shall," the court held that filing the award with a superior court clerk was a mandatory duty of the Commission. *Word*, 221 Ariz. at 287 ¶ 14 & n. 3, 211 P.3d at 1270 & n. 3. The court then concluded that the "award" referred to in that sentence was the 1992 Award, not the 2000 Final Award. *Id.* at 288 ¶ 15, 211 P.3d

at 1271. Because the 1992 Award was never filed with the clerk of any superior court, the court of appeals held that the Commission had not "perfect[ed] its judgment rights" and had "no valid judgment." *Id.* at 289 ¶ 22, 211 P.3d at 1272.

## 1.

■ ¶ 16 The Commission argues that the 2000 Final Award is the appropriate document to be filed under § 23–907(E), and that it thus had a valid judgment lien in 2007 when it began garnishment proceedings. The Commission relies upon A.R.S. § 23–901(1) (Supp.2009), which defines "award" as "the finding or decision . . . as to the amount of compensation or benefit due an injured employee," and notes that the 1992 Award did not place a dollar amount on the benefits awarded Ruehrmund. The Commission contends that the 2000 Final Award, which recounts the total amount of monetary benefits received by the injured worker, is the "award" to which § 23–907(E) refers.

¶ 17 Contrary to the Commission's argument, the 1992 Award meets the definition of award in § 23–901(1). Although the 1992 Award contains no dollar amount, it embodies the Commission's finding or decision as to the compensation and benefits due Ruehrmund. The 1992 Award is entitled "Decision Upon Hearing and Findings and Award for Compensable Claim," and gave Ruehrmund "hospital, surgical and medical benefits as provided by law from [the date of the accident] until his condition becomes medically stationary," and "compensation benefits" for the same period. In contrast, as the court of appeals noted, the 2000 Final Award is not technically a finding or decision as to the amount of compensation due Ruehrmund; rather it reflects amounts already paid, and thus serves as the periodic notice required by § 23–907(E) of Word's liability to the Special

Fund. *Word,* 221 Ariz. at 287 ¶ 16, 211 P.3d at 1271.

¶ 18 Moreover, the definitions in § 23–901 apply only "unless the context otherwise requires." The second sentence of § 23–907(E) provides that "[t]he payments made from the special fund pursuant to the award shall act as a judgment against the employer." That sentence expressly distinguishes the "award" granting benefits to the worker from the "payments" later made thereunder. Thus, the reference in the very next sentence to the "award" to be filed with the superior court clerk is to a decision awarding benefits to the injured worker. *See Obregon v. Indus. Comm'n,* 217 Ariz. 612, 616 ¶ 21, 177 P.3d 873, 877 (App.2008) (noting that a term in a statutory subsection should be given the same meaning each time it is used).

¶ 19 Similarly, the third sentence of § 23–907(E) provides for a lien lasting for eight years from "the date of the award," not from the last payment. And, the fourth sentence of the statute provides that execution "may issue thereon . . . as if the award were a judgment of the superior court." The legislature's use of "thereon" in the fourth sentence plainly refers to the filed award described in the preceding sentence. The fourth sentence thus also distinguishes the award from payments made under it, because the second sentence confers judgment status to the payments. *See State v. Superior Court,* 113 Ariz. 248, 249, 550 P.2d 626, 627 (1976) (stating that a statute should be read so that "no clause, sentence, or word is rendered superfluous").

¶ 20 The court of appeals thus correctly held in this case that the "award" referred to in § 23–097(E) is the original 1992 Award, not the 2000 Final Award. *Word,* 221 Ariz. at 287 ¶¶ 18–19, 211 P.3d at 1271. That court therefore appropriately rejected the Commission's argument that it obtained an eight-year lien on Word's property by filing the 2000 Final Award.[1] The Commission's

---

1. The final payments to Ruehrmund under the 1992 Award were made in November 1998, but the 2000 Final Award was not issued until almost two years later. The Commission's reading of the statute would allow it to wait for years before filing its "final award," thereby placing the eight-year lien period in § 23–907(E) entirely within its discretion. *Word,* 221 Ariz. at 288 ¶ 21, 211

P.3d at 1272. The Commission counters that it cannot know before a case is closed when the last payment to an injured worker will be made. Our decision today does not require that the "final award" be issued more promptly; rather, we hold that a lien under § 23–907(E) is triggered by filing the original 1992 Award and

contention that it could execute on that lien in 2007 consequently fails.[2]

### 2.

¶ 21 The court of appeals also held that filing of the 1992 Award was necessary to "perfect [the Commission's] judgment rights." *Word*, 221 Ariz. at 288 ¶ 22, 211 P.3d at 1272. We disagree.

¶ 22 The 1925 version of what is now § 23–907(E) provided that the award "may be filed" with a superior court clerk, and

> when so filed and docketed shall be a lien on property of the employer situated in the county for a period of eight years from the date of the award; execution may be issued thereon within eight years in the same manner and with like effect as if said award were a judgment of the superior court.

1925 Ariz. Sess. Laws, ch. 83, § 63 (as codified at Ariz. Rev.Code 1928, § 1433). Under this version of the statute and all iterations in effect through 1973, which retained materially identical language, a judgment could only be obtained through filing the award with a superior court clerk.

¶ 23 The 1973 act, while retaining the language from the original 1925 version, added a critical sentence just before that provision: "The award will act as a judgment against the employer for the amount expended." 1973 Ariz. Sess. Laws, ch. 136, § 3. Because the statute provided that the award "will" act as a judgment, but gave the Commission discretion to file it (and thereby obtain a lien), the status of the award as a judgment under the 1973 act no longer depended on filing. Rather, filing was necessary to create an eight-year lien.

¶ 24 The 1977 revision of § 23–907 replaced the word "may" in the third sentence with "shall." But significantly, these revisions also replaced the 1973 language giving the "award" judgment status with the following sentence: "The *payments* from the special fund pursuant to the award plus the penalty shall act as a judgment against the employer." 1977 Ariz. Sess. Laws, ch. 109, § 2 (now codified at § 23–907(E)) (emphasis added). This sentence gave independent status to any payments made; they are judgments against the employer and may be executed upon as any other judgment. The status of the payments as judgments is not affected by the failure of the Commission to file the *award* with the superior court clerk. Rather, the only consequence of such a failure is that an eight-year lien is not created.

¶ 25 In this respect, § 23–907(E) is similar to A.R.S. § 25–503(I) (Supp.2009), which provides that each payment pursuant to a support order vests when it is due and "is enforceable as a final judgment by operation of law." A party need not reduce subsequent support arrearages to a written judgment to execute on them. *Pflum v. Pflum*, 135 Ariz. 304, 306, 660 P.2d 1231, 1233 (App.1982).

¶ 26 Thus, we conclude that the court of appeals erred in holding that filing of the 1992 Award with the superior court clerk was necessary to perfect the Commission's judgment rights with respect to payments made under that Award. Under § 23–907(E), each payment, once made, was a judgment, and, as is true of support orders, "can be enforced as any other civil judgment." *Pflum*, 135 Ariz. at 306, 660 P.2d at 1233.

### 3.

¶ 27 The court of appeals nonetheless reached the correct result in this case. A civil judgment, unless renewed by action or affidavit under A.R.S. §§ 12–1611 (2003) or 12–1612 (2003), can only be executed upon for five years after its entry. A.R.S. § 12–1551 (Supp.2009). In this case, the last payment was made from the Special Fund to

---

extends for eight years from the date of that award.

**2.** On February 1, 2002, the Commission issued another "Continuing Award" (the "2002 Continuing Award") with a balance of $81,952.01, reflecting certain credits to Word's account. The Commission filed the 2002 Continuing Award with the Maricopa County Superior Court Clerk

on January 17, 2008. Because the writs of garnishment were issued in this case in 2007, the 2008 filing of the 2002 Continuing Award could not have created a judgment lien supporting the writs. In any event, for the reasons set forth above, filing the 2002 Continuing Award did not create a judgment lien under § 23–907(E).

Ruehrmund on November 18, 1998. This judgment expired five years later, in November 2003, and the Commission does not contend that it was renewed.[3] The payments made under the 1992 Award therefore could not have formed the basis for the 2007 garnishments.[4]

### III.

¶ 28 For the reasons above, we vacate the opinion of the court of appeals, reverse the judgment of the superior court, and remand with instructions to grant Word's Rule 60(c) motion. We award Word attorneys' fees pursuant to A.R.S. § 12–348(A)(1) (2003).[5]

CONCURRING: REBECCA WHITE BERCH, Chief Justice, MICHAEL D. RYAN, W. SCOTT BALES, and A. JOHN PELANDER, Justices.

---

**3.** We therefore need not decide today whether and how the Commission can renew such a judgment. Nor need we decide whether the last payment created a judgment in the amount of the aggregate amounts paid. *See* A.R.S. § 23–907(E) (providing that the "payments ... shall act as a judgment") (emphasis added).

**4.** The eight-year limitations period in § 23–907(E) applies only to the judgment lien created by filing an award with the superior court clerk. The statute does not expressly provide for the renewal of the eight-year lien, and we need not today determine whether that lien is itself renewable or whether the Commission is limited after the eight-year period to the ordinary remedies of a judgment creditor.

**5.** Although we vacate the opinion of the court of appeals, we affirm its order awarding Word attorneys' fees and costs because he correctly prevailed in that court. *See Word,* 221 Ariz. at 288 ¶ 23, 211 P.3d at 1272.