JUAN ALEMAÑY SOSA, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., y GUILLERMO ATILES MORÉỤ, ADMINISTRADOR DEL FONDO DEL ESTADO, recurridos.

Núm. 338.—*Sometido:* Enero 15, 1945. *Resuelto:* Abril 27, 1945.

*Virgilio Brunet,* abogado del recurrente; *Angel de Jesús Matos, Joaquín Correa Suárez* y *A. Sandín del Manzano,* abogados del Administrador del Fondo del Estado, recurrido.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El Administrador del Fondo del Seguro del Estado fijó al patrono Juan Alemañy Sosa una prima preliminar para el año 1942–43, que consistió de una cantidad igual a su nómina final de 1941–42, más una penalidad de veinticinco por ciento sobre el montante de dicha nómina final. Apeló el

patrono para ante la Comisión Industrial, alegando que el Administrador carecía de facultad para imponerle la penalidad, y que su imposición le privaba de su propiedad sin el debido procedimiento de ley, no sólo por la falta de facultad para imponerla, sino por no habérsele dado una oportunidad de ser oído en relación con la misma.

El Administrador invoca como fuente de su autoridad la regla VI del Boletín Administrativo núm. 800, que es un reglamento promulgado por él y aprobado por el Gobernador.

La Comisión resolvió que el Administrador tiene facultad para imponer penalidades o recargos a los patronos asegurados, y que esa facultad la deriva del artículo 24 de la Ley de Compensaciones por Accidentes del Trabajo (Ley núm. 45 de 18 de abril de 1935, (1) pág. 251), y no de los artículos 23 y 30 de la ley, como alegó el Administrador; que aunque en su opinión el Boletín Administrativo era nulo por hallarse en conflicto con el artículo 24 de la ley, sin embargo, por no ser ella un tribunal de justicia carecía de jurisdicción para declararlo nulo, y consecuentemente se abstuvo de hacer tal declaración. Sostuvo además la Comisión que el patrono tenía derecho a ser oído por el Administrador, antes de imponer la penalidad, y que no fué oído en este caso, pero a pesar de ello la Comisión no revocó la decisión del Administrador, sino que se limitó a desestimar el recurso. Solicitó el patrono la reconsideración, y le fué denegada.

La Ley de Compensaciones por Accidentes del Trabajo expresamente autoriza al Administrador para dictar reglas razonables y apropiadas para regular la administración del Fondo, las cuales, al ser aprobadas por el Gobernador y promulgadas debidamente por el Secretario Ejecutivo, tienen fuerza de ley. Artículo 6. El artículo 23 de la ley lo autoriza para emplear en la fijación de la prima *de cada riesgo* el sistema que a su juicio haya sido mejor calculado para fijarla, fundándose en la experiencia de los accidentes ocu-

rridos que consten en los archivos de cada patrono individualmente, debiendo a la vez tratar de estimular la evitación de accidentes, para todo lo cual formulará reglas fijas y equitativas. El artículo 30 tiene por objeto primordial autorizar al Administrador para hacer una distribución equitativa de las pérdidas entre las ocupaciones e industrias, y para hacer la bonificación que pueda ser concedida a cada patrono de acuerdo con sus riesgos, tomando como base la experiencia individual del patrono. Y por último, el artículo 24, según fué enmendado por la Ley núm. 162 de 14 de mayo de 1943 (pág. 525), lo autoriza para dictar las reglas que estime oportunas a fin de cobrar individualmente a cada patrono en la misma industria, además del porcentaje de primas que a su juicio sea más justo, un recargo adicional sobre dichas primas "cuando por no hacerse uso de aparatos de seguridad industrial, por mala administración o debido a otras razones que no puedan explicarse satisfactoriamente al Administrador, ocurra en la fábrica, establecimiento o sitio de trabajo de dicho patrono, una serie de accidentes fuera de toda proporción en número e importancia con los que ocurran en establecimientos, factorías o sitios de trabajo similares a los de otros patronos que se dediquen a la misma industria o negocio."

El análisis que hemos hecho de estos artículos nos lleva a la conclusión de que es del artículo 24, y no de los otros, de donde surge la facultad del Administrador para dictar reglas imponiendo penalidades a los patronos comprendidos dentro de las condiciones que especifica el referido artículo. Examinemos ahora la sección del Boletín Administrativo relativa a penalidades para determinar si en efecto el Administrador se ajustó a las normas establecidas por el artículo 24 de la ley al aprobar la regla VI del Boletín. La regla, conforme aparece de la resolución de la Comisión, dice así:

"Cuando la frecuencia e importancia de los accidentes sufridos por los obreros de un patrono asegurado resulten en costos incurridos mayores que la cantidad asignádale para pérdidas, tal como haya sido computada a tenor con la Tabla Básica de Asignaciones, el tipo básico de prima que según el Manual de Clasificaciones venga aplicándosele, le será aumentado en un por ciento igual a 25 por ciento de la proporción obtenida de la diferencia entre los costos incurridos y la Asignación para Pérdidas Incurridas; Disponiéndose, que en ningún caso, el tipo o tipos de seguro del patrono será aumentado en más de 25 por ciento del tipo básico dentro del período regular del año de póliza."

Una simple lectura de la regla demuestra que el Administrador, al dictarla, no se ajustó a las normas establecidas por el artículo 24 de la ley. De conformidad con la regla VI, la base para la imposición de la penalidad es la frecuencia e importancia de los accidentes ocurridos en la industria o sitio de negocio del patrono, y los costos incurridos en cantidad mayor que la asignádale para pérdidas; mientras que con arreglo al artículo 24 de la ley, sólo pueden imponerse penalidades cuando (a) por no hacerse uso de aparatos de seguridad industrial, (b) por mala administración, o (c) debido a otras razones que no puedan explicarse satisfactoriamente al Administrador, ocurra una serie de accidentes fuera de toda proporción en número e importancia con los que ocurran en sitios de trabajo similares a los de otros patronos que se dediquen a la misma industria o negocio.

No ajustándose la regla VI del Boletín Administrativo núm. 800 a las normas establecidas por el artículo 24 de la ley, tenemos que concluir que el Administrador se excedió en sus poderes al dictarla, y estando en conflicto con la ley, es por consiguiente nula. *Pueblo* v. *Bou,* ante, pág. 466. Eugene J. Keefe, *Administrative Rule-Making and the Courts,* 8 Fordham L. Rev. 303. *Cf. Luce & Co.* v. *Junta Salario Mínimo,* 62 D.P.R. 452 (1943); *Pueblo* v. *Martínez,* 62 D.P.R. 734 (1944).

■ Parece conveniente consignar que cualquier reglamento que a virtud del artículo 24 de la ley promulgue el Administrador debe disponer como condición precedente a la imposición de una penalidad, que el patrono tendrá una razonable oportunidad de explicar la causa del aumento en el número de accidentes ocurridos en su industria o sitio de negocio.

■ La Comisión Industrial es una junta cuasi judicial, y en el presente caso actuó judicialmente, puesto que tuvo que oír pruebas para a base de ellas decidir el caso. *Administrative Rule-Making and the Courts*, supra, pág. 305; *Sweeney* v. *Young*, 131 Atl. 155, 42 A.L.R. 757 (1925). Para poder decidir el caso ante ella, tenía que interpretar la ley, y encontrándose con dos disposiciones en conflicto, es decir, el artículo 24 de la ley y la regla VI del Boletín Administrativo, necesariamente para poder decidir tenía que determinar cuál era el precepto legal aplicable. Y no pudiendo subsistir un reglamento que está en conflicto con la ley, tenía el poder y era su deber desechar el reglamento y aplicar el artículo 24 de la ley.

El Administrador invoca el caso de *Marmon Motor Car Co.* v. *Sparks*, 161 N. E. 647 (Ind. 1928), para sostener que la Comisión carecía de facultad para declarar nula la regla VI del Boletín, y que tampoco tenía este tribunal jurisdicción al revisar la resolución de la Comisión para anular la referida regla. El caso invocado por el Administrador es inaplicable. Dicho caso está basado en un estatuto del Estado de Indiana que expresamente le quitaba esa facultad a la junta industrial y a la corte de apelación de Indiana, que tenía jurisdicción para revisar las decisiones de la junta industrial, y la confería exclusivamente a la Corte Suprema del Estado.

*Procede por lo expuesto revocar las resoluciones de la Comisión Industrial y devolver el caso a la referida Comisión para que dicte una resolución de conformidad con los términos de esta opinión.*