Gilberto Gierbolini, Juez Ponente
*859 TEXTO COMPLETO DE LA SENTENCIA
I
TRASFONDO PROCESAL
La parte interventora-apelante, Fondo del Seguro del Estado (en adelante, El Fondo), acude ante nosotros mediante recurso de apelación y nos solicita que revisemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 29 de junio de 1995 y cuya copia de la notificación fue archivada en autos el 11 de julio de ese año. En dicha Resolución, el tribunal de instancia declaró No Ha Lugar la solicitud de reconsideración de la Sentencia Sumaria emitida el 17 de enero de 1995, en la cual desestimó la demanda presentada por José de Jesús Díaz, et al., (en adelante, Díaz).
El 25 de agosto de 1995, Bacardi Corporation (en adelante, Bacardi) solicitó la desestimación del recurso de apelación instado, por entender que El Fondo no tiene legitimación activa para acudir ante nos. Bacardi considera que este Tribunal no tiene jurisdicción para atender la presente apelación, por ser Díaz la parte realmente afectada. Por último, Bacardi señaló que El Fondo no presentó una Moción de Intervención ante el tribunal de instancia. El 12 de septiembre de 1995, El Fondo presentó su Oposición a la Moción Desestimatoria. En la misma, aclaró que el tribunal de instancia emitió una orden, mediante la cual requirió su comparecencia ante dicho foro judicial para que expresara si Bacardi es un patrono asegurado respecto al accidente que sufrió Díaz. El Fondo considera que es una parte indispensable en el presente caso, por estar en controversia el status patronal de Bacardi. El 18 de septiembre de 1995, Bacardi presentó su Réplica a la Oposición a Moción Desestimatoria y reafirmó que la parte demandante es la única con derecho a solicitar una reconsideración y/o apelación, situación que no ocurrió en el presente caso. Según Bacardi, El Fondo no puede atacar el fallo de la Sentencia recurrida, toda vez que Díaz es el único afectado por el mismo.
Así las cosas, emitimos una Resolución con fecha de 3 de noviembre de 1995, mediante la cual declaramos No Ha Lugar la moción de desestimación presentada por Bacardi y concedimos a ésta un término de 30 días para la presentación de su alegato. El 21 de noviembre de 1995, Bacardi presentó una Moción de Reconsideración donde expresó nuevamente que El Fondo no es una parte afectada por la Sentencia Sumaria que emitió el tribunal de instancia. El 5 de diciembre de 1995, El Fondo presentó un escrito intitulado *860 "Oposición a Reconsideración". Una vez examinados los argumentos de ambas partes, este Tribunal emitió el 11 de diciembre de 1995 una Resolución donde declaramos No Ha Lugar la Moción de Reconsideración presentada por Bacardi.
El 6 de diciembre de 1995, Bacardi presentó una "Moción para que se Considere Escrito como Alegato de la Apelada Bacardi Corporation", a los fines de que su "Moción Eliminatoria y Oposición a la Moción de Reconsideración", presentada el 21 de marzo de 1995 ante el tribunal de instancia, sea considerada como el Alegato de la parte apelada. Este Tribunal no tiene objeción en considerar dicha moción como el Alegato de Bacardi. El Fondo, por su parte, presentó su Alegato el 8 de diciembre de 1995.
Cumplidos los trámites de rigor y examinados los hechos del caso, a la luz del derecho aplicable, estamos en posición de resolver.
n
HECHOS
El 16 de julio de 1992, Díaz sufrió un accidente al caer de una altura de aproximadamente 12 a 15 pies, mientras ajustaba las tuercas de unas válvulas en las inmediaciones de su área de trabajo. Por motivo del accidente ocurrido, Diaz inició el 15 de julio de 1993 una acción judicial por daños y perjuicios contra su patrono Bacardi.
El 31 de marzo de 1994, Bacardi presentó una solicitud de sentencia sumaria, ante el tribunal de instancia, por considerar que es de aplicación al caso de epígrafe la defensa de inmunidad patronal. Sin embargo, el 5 de abril de 1994, El Fondo notificó una decisión en la cual declaró a Bacardi patrono no asegurado en relación al accidente que originó el presente caso, por haber presentado la declaración de nómina el 21 de julio de 1992, es decir, un día después de la fecha límite establecida por ley. Por otro lado, Bacardi presentó el 13 de abril de 1994 un recurso de apelación ante la Comisión Industrial para revisar la decisión emitida por El Fondo.
Ante ese cuadro, Bacardi informó al tribunal de instancia el alcance de la decisión de El Fondo y solicitó posponer la adjudicación de la solicitud de sentencia sumaria, por entender que era necesario presentar una moción suplementaria sobre cubierta de seguro. Bacardi presentó dicha moción el 25 de mayo de 1994. Así las cosas, el tribunal de instancia emitió una Orden con fecha de 29 de junio de 1994, en la que asumió jurisdicción sobre la controversia de cubierta de seguro.
El 3 de octubre de 1994, El Fondo emitió una decisión para enmendar la previamente notificada. El Fondo aclaró que Bacardi había presentado su declaración de nómina el 20 de julio de 1992. Sin embargo, reafirmó que Bacardi era un patrono no asegurado por no haber acompañado, junto con la declaración de nómina, el pago del 50% de las primas pagadas para el año póliza precedente (1991-1992), según dispone la Orden Administrativa 92-05, emitida el 18 de diciembre de 1992.
El tribunal de instancia celebró una vista el 26 de octubre de 1994 para atender la controversia sobre la cubierta del seguro. Además, la parte demandada-apelada y El Fondo presentaron sendos memorandos de derecho en apoyo de sus respectivas contenciones.
Una vez escuchados los planteamientos de todas las partes, el tribunal de instancia resolvió que Bacardi había presentado el 20 de julio de 1992 su declaración de nómina y estuvo debidamente asegurado durante el año póliza 1991-1992. El tribunal de instancia determinó que Bacardi estaba asegurado al momento en que ocurrió el accidente ya que el Artículo 27 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. Sección 28, dispone que la efectividad de la póliza comenzará una vez verificado el pago, pero el mismo tendrá efectos retroactivos a la fecha en que fue archivada la declaración de nómina. Además, el artículo de referencia establece que todo patrono que present? en tiempo su declaración de nómina estará asegurado desde el inicio del período de presentación, 1 de julio de'cada año, si estaba cubierto a la terminación del año económico anterior. Ante el claro mandato legislativo, el tribunal de instancia resolvió que los daños sufridos por Díaz están cubiertos por el seguro, toda vez que el mismo ocurrió el 16 de julio de 1992. El tribunal de instancia catalogó de injusto e irrazonable el haber requerido a Bacardi que acompañara con su declaración de nómina del 20 de *861 julio de 1992 la mitad de las primas pagadas durante el afío póliza anterior, cuando a esa fecha no había sido aprobada la Orden Administrativa 92-05, supra. Dicha orden fue emitida cinco meses después de expirado el período de presentación de las declaraciones de nóminas para el año póliza 1991-1992. El tribunal de instancia declaró nula ab initio la Orden Administrativa 92-05, supra, por no haber sido aprobada mediante el procedimiento dispuesto en el Artículo 6-B de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. Sección 8. El citado artículo establece que todas las reglas emitidas por el Administrador de El Fondo deberán ser aprobadas por el Gobernador y promulgadas debidamente por el Secretario de Estado para que tengan fuerza de ley.
En consecuencia, el tribunal de instancia aplicó al caso de epígrafe la defensa de inmunidad patronal, y declaró Con Lugar la solicitud de sentencia sumaria, presentada por Bacardi.
Así las cosas, El Fondo presentó el 15 de marzo de 1995 una Moción de Reconsideración, la cual fue acogida por el tribunal de instancia el 28 de marzo de ese afio. El 16 de junio de 1995, Bacardi presentó una Moción Informativa donde advirtió al tribunal de instancia que el Administrador de El Fondo remitió una carta a los patronos en la cual notificó que era discrecional el acompañar con la declaración de nómina un pago por el 50% de las primas pagadas el año anterior. Bacardi solicitó al tribunal de instancia que tomara conocimiento judicial de dicha actuación y decretara académica la solicitud de reconsideración. El 29 de junio de 1995, el tribunal de instancia declaró No Ha Lugar la Moción de Reconsideración presentada por El Fondo.
Inconforme con la decisión emitida por el tribunal de instancia, El Fondo acude ante nos y levanta como único señalamiento de error que:

"Incidió el Honorable Tribunal de Instancia al extralimitarse en el ejercicio de su jurisdicción al revocar la determinación, que sobre status patronal hiciera el Fondo del Seguro del Estado en su ejercicio como agencia con la experiencia especializada en intervenir en materias que afectan adversamente la política institucional de la Agencia y al impedir que se agotaran los recursos administrativos, incluyendo la función revisora de la Comisión Industrial."

Luego de examinar detenidamente el expediente del caso de autos y el derecho aplicable, resolvemos que el tribunal de instancia no erró al adjudicar el status patronal de Bacardi, toda vez que dicho foro judicial tenía jurisdicción concurrente con El Fondo para hacer tal determinación. Nos explicamos.
ni
JURISDICCION DEL TRIBUNAL DE INSTANCIA SOBRE STATUS PATRONAL
La doctrina de jurisdicción primaria es una herramienta utilizada por los tribunales que tiene como objetivo determinar la jurisdicción original para considerar una reclamación. Consiste de dos vertientes: jurisdicción primaria exclusiva y jurisdicción primaria concurrente. En la primera, la ley dispone que el organismo administrativo tendrá jurisdicción inicial exclusiva para examinar la reclamación. En la segunda, la ley permite que la reclamación sea presentada indistintamente en el foro administrativo o en el judicial, Paoli Méndez v. Rodríguez, 95 J.T.S. 57; Colón Ventura v. Méndez, 92 J.T.S. 51.
El Tribunal Supremo de Puerto Rico ha aclarado que el verdadero caso en que aplica la doctrina de jurisdicción primaria es cuando existe jurisdicción concurrente entre el foro administrativo y el judicial, Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398 (1980). La aplicación de la doctrina de jurisdicción primaria facilita la determinación de cuál vía debe seguir el reclamante en primer término, aunque ambos foros tengan .jurisdicción sobre el asunto. Véase, Demetrio Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Edit. Forum, 1993, páginas 423-424. En consecuencia, la aplicación de la doctrina de jurisdicción primaria depende de la existencia de jurisdicción concurrente entre el proceso administrativo y el proceso judicial, Ferrer Rodríguez v. Figueroa, supra. De ordinario, el foro judicial permitirá al organismo administrativo que resuelva en primera instancia el asunto en controversia, bajo el supuesto de que éste posee un mayor grado de conocimientos especializados y destreza, Delgado Rodríguez v. Nazario, 121 D.P.R. 347 (1948).
*862 En el caso de epígrafe, El Fondo sostiene que el tribunal de instancia no debió ejercer su jurisdicción concurrente hasta tanto la Comisión Industrial resolviera la controversia sobre la cubierta de seguro de Bacardi. No tiene razón.
El aspecto jurisdiccional del presente caso está regido por el Artículo 15 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. Sección 16, que establece una dualidad de remedios para el obrero lesionado en un accidente laboral cuyo patrono no esté asegurado, a saber: (1) una petición para compensación ante la Comisión Industrial; y, (2) una acción civil judicial por daños y perjuicios. Ambos remedios coexisten y son independientes el uno del otro, Vélez Sánchez v. Comisión Industrial, 107 D.P.R. 789 (1978).
Contrario a la tesis propuesta por la parte apelante, el Tribunal Supremo de Puerto Rico ha aclarado que los tribunales tienen jurisdicción para entender en un pleito de daños y perjuicios incoado por un obrero lesionado en un accidente laboral bajo las disposiciones del Artículo 15 de la Ley de Compensaciones por Accidentes del Trabajo, supra, aun cuando al momento de su presentación no exista una determinación final y firme emitida por El Fondo sobre el status patronal. La determinación de El Fondo no constituye un requisito previo requerido por ley para poder presentar la acción en daños, Vélez Sánchez v. Comisión Industrial, supra. En Vega Lozada v. J. Pérez & Cía, Inc., 94 J.T.S. 56, el Tribunal Supremo de Puerto Rico reiteró que:

"La determinación de la condición de patrono no asegurado por el Fondo del Seguro del Estado es una fase inicial del procedimiento administrativo que habrá de continuarse ante la Comisión, pero no es requisito previo ni mucho menos jurisdiccional para la adjudicación de la cuestión litigiosa en el ámbito judicial. Dicha contención de patrono no asegurado es susceptible de determinación sin gran dificultad por los tribunales y no hay razón para detener la marcha eficiente del procedimiento civil en espera de un trámite administrativo, que en ley no precede sino que coexiste como opción, con la acción civil.

En ese sentido, dicho foro judicial expresó que no es necesario que los procedimientos legales en los tribunales queden paralizados en espera del trámite administrativo. No obstante, señaló que sería conveniente, a tenor con la doctrina de jurisdicción primaria, que sea el Fondo quien realice la determinación inicial de inmunidad patronal," Vega Lozada v. J. Pérez & Cía, Inc., supra.

Un examen de los hechos del presente caso revela que El Fondo hizo la determinación inicial sobre la cubierta de seguro de Bacardi, al emitir dos decisiones sobre el particular. En ambas decisiones, El Fondo concluyó que Bacardi era un patrono no asegurado a la fecha del accidente, aunque por fundamentos diferentes. Posteriormente, el tribunal de instancia intervino en la controversia del status patronal, y tuvo el beneficio de examinar la determinación preliminar de El Fondo. Por ende, el tribunal de instancia actuó de conformidad con la doctrina de jurisdicción primaria concurrente.
Resulta necesario advertir que la deferencia a las determinaciones de una agencia administrativa no implica la sumisión incondicional a las mismas, toda vez que el foro judicial tiene la potestad de subsanar los errores de derecho cometidos por los organismos cuasi-judiciales. Véase, Puerto Rico Telephone Co. v. Unión Independiente de Empleados Telefónicos, 92 J.T.S. 93; Chase Manhattan v. Emanuelli Bauzá, 111 D.P.R. 708 (1981).
Por las razones previamente señaladas, resolvemos que el tribunal de instancia no erró al asumir jurisdicción en la controversia sobre la cubierta de seguro de Bacardi. Aclarado ese extremo, pasemos a analizar si el tribunal de instancia actuó conforme a derecho al resolver en los méritos que Bacardi era un patrono asegurado al momento de ocurrir los hechos que originaron el caso de epígrafe.
TV
CUBIERTA DE SEGURO OBRERO
El Artículo 27 de la Ley de Compensaciones por Accidentes del Trabajo, supra, impone a los patronos el deber de presentar una declaración de nómina; establece la fecha límite para la presentación de la misma; y señala cuándo comienza a regir el seguro gubernamental por accidente ocupacional. El citado artículo dispone, *863 en su parte pertinente, que:

"Será deber de todo patrono el presentar al Administrador, no más tarde del día 20 de julio de cada año, un estado expresando el número de trabajadores empleados por dicho patrono, la clase de ocupación o industria de dichos trabajadores y la cantidad total de jornales pagados a tales trabajadores o industrias durante el año económico anterior. Disponiéndose, que a solicitud del patrono y por causa justificada, el Administrador podrá extender dicho término por un período no mayor de 15 días.

El seguro de cada patrono por el Estado comenzará a regir inmediatamente después de que haya sido archivada en las oficinas del Administrador del Fondo del Estado su nómina o estado acompañado del importe de la cuota que corresponda al tanto por ciento de los jornales declarados en dicho estado, de acuerdo con los tipos fijados por el Administrador. Disponiéndose, que cualquier accidente que ocurra antes de verificarse el pago será considerado como un caso de patrono no asegurado a menos que el patrono verifique el pago dentro del término fijado por el Administrador del Fondo del Estado, en los cuales casos el seguro empezará a regir desde la fecha en que el patrono archivó la nómina o estado, en la oficina del Administrador.

Al recibir el pago del patrono, el Administrador del Fondo del Estado remitirá a dicho patrono el recibo de tal pago, el cual será prima facie prueba de dicho pago de las primas y del cumplimiento de dicho patrono con las disposiciones de este Capítulo. Mientras no se haya hecho este pago por el patrono, dicho patrono no tendrá derecho a las inmunidades provistas por este Capítulo con respecto a las lesiones, enfermedades o muertes que pudieren ocurrir a los obreros o empleados de tal patrono durante el período que cubre el pago de dichas primas.

El legislador dispuso que la efectividad de la póliza de seguro comenzará una vez verificado el pago, pero tendrá efectos retroactivos a la fecha en que fue archivada la declaración de nómina, la cual será no más tarde del 20 de julio de cada año. Con relación a los accidentes ocurridos entre el l y el 20 de julio de cada año, la legislación aclaró que el patrono estará cubierto desde el 1 al 20 de julio, si estaba asegurado al momento de terminar el año económico anterior. En ese sentido, el Artículo 27 de la Ley de Compensaciones por Accidentes del Trabajo establece que:

"Cualquier patrono que haya estado cubierto por el Fondo del Estado a la terminación del año económico anterior, y que estuviere cubierto a partir del día primero de julio del año corriente estará también cubierto dentro del término del primero al veinte de julio que se concede por este Capítulo para archivar la nómina o estado. Disponiéndose, que todo patrono que no hubiere presentado el estado a que se refiere esta sección dentro del término que aquí se fija, será considerado como un patrono no asegurado."

En otras palabras, si el patrono presentó su declaración de nómina dentro del límite fijado por ley y estaba asegurado durante el año económico anterior, su cubierta tendrá efectos retroactivos y estará asegurado desde el 1 de julio del año económico.
En el caso de epígrafe, es un hecho indisputable que Bacardi presentó su declaración de nómina el 20 de julio de 1992. Aunque el accidente de Díaz ocurrió el 16 de julio de 1992, Bacardi es un patrono asegurado por virtud del efecto retroactivo que concede el Artículo 27 de la Ley de Compensaciones por Accidentes del Trabajo, supra.
V
ORDEN ADMINISTRATIVA 92-05
La parte apelante considera que el tribunal de instancia erró al declarar nula la Orden Administrativa Número 92-05, supra. Según el Fondo, Bacardi es un patrono no asegurado por no haber cumplido dicha orden administrativa. No tiene razón.
Mediante la Orden Administrativa Número 92-05, supra, el Administrador de El Fondo requirió a los patronos que incluyeran el pago de primas junto con la declaración de nómina. La referida orden estableció un *864 pago mínimo consistente en el 50% de la cuota impuesta o estimada para el afio póliza 1991-1992.
Resulta innecesario analizar la facultad de El Fondo para tasar y cobrar tales primas, toda vez que de la faz de la Orden Administrativa Número 92-05, supra, surgen las causales de nulidad que dieron base al tribunal de instancia para decretarla nula ab initio.
Como bien señaló el tribunal de instancia, la Orden Administrativa Número 92-05, supra, no cumplió con el procedimiento de aprobación requerido por el Artículo 6-B de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. Sección 8. Dicho artículo establece, en su parte pertinente, que:
"El Administrador tendrá poder para dictar reglas razonables y apropiadas para regular la Administración del Fondo del Seguro del Estado, las cuales al ser aprobadas por el Gobernador y promulgadas debidamente por el Secretario de Estado tendrán fuerza de ley..." (Enfasis nuestro).
La Orden Administrativa de referencia no fue aprobada por el Gobernador ni promulgada por el Secretario de Estado. Por tal razón, el tribunal de instancia actuó conforme a derecho al declararla nula ab initio, por ser contraria a la ley orgánica y a la reglamentación de El Fondo. Véase, Ready Mix Concrete v. Comisión Industrial, 92 D.P.R. 37 (1965); Monllor & Boscio v. Comisión Industrial, 89 D.P.R. 397 (1963); Alemañy v. Comisión Industrial, 64 D.P.R. 888 (1945).
Al emitir la Resolución recurrida, el tribunal de instancia tomó en consideración que el nuevo Administrador varió los términos de la orden administrativa emitida y notificó a los patronos que basta con presentar la declaración de nómina no más tarde del 20 de julio, y aquellos que deseen podrán acompañar la suma equivalente al 50% del total de las primas pagadas el año anterior. La política pública adoptada por El Fondo es cónsona con la declaración de nulidad de la Orden Administrativa Número 92-05, supra.
Por no ser de aplicación la citada orden administrativa, el tribunal de instancia resolvió correctamente al concluir que Bacardi era un patrono asegurado a la fecha del accidente y, en consecuencia, aplicar la defensa de inmunidad patronal al caso de epígrafe.
Por último, la representación legal de El Fondo no nos ofrece argumentos que nos motiven a variar el dictamen emitido por el tribunal de instancia. Aunque asumiéramos que la orden administrativa es válida, la misma no es de aplicación al caso de epígrafe debido a que fue emitida cinco meses después de haber expirado el período de presentación de las declaraciones de nóminas para el año póliza 1991-1992. No podemos acoger la tesis de la representación de El Fondo, puesto que dicha acción conllevaría ratificar la aplicación retroactiva de una orden administrativa que ni siquiera cumplió con los requisitos establecidos en la Ley de Procedimiento Administrativo Uniforme, 7 L.P.R.A. Sección 2125.
Ante ese cuadro, CONFIRMAMOS la Resolución recurrida por entender que el ilustrado foro de instancia no cometió el error imputado en apelación.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 97 DTA19
1. El citado precepto dispone, en su parte pertinente, que:

"Si cualquier patrono de los comprendidos en este Capítulo dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con el mismo, cualquier obrero o empleado perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial y, además, pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si este Capítulo no fuera aplicable."